**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**BLUE BELL, Inc., Respondent.**

**No. 15156.**

United States Court of Appeals, Fifth Circuit.

March 2, 1955.

Marcel Mallet-Prevost, Asst. Gen. Counsel, A. Norman Somers, David P. Findling, Associate Gen. Counsel, George J. Bott, Gen. Counsel, Bernard Dunau and William J. Avrutis, Attys., National Labor Relations Board, Washington, D. C., for petitioner.

Whiteford S. Blakeney, Charlotte, N. C., R. D. Douglas, Jr., Greensboro, N. C., Pierce & Blakeney, Charlotte, N. C., Douglas, Douglas & Ravenel, Greensboro, N. C., of counsel, for respondent.

Before HOLMES and BORAH, Circuit Judges, and DAWKINS, District Judge.

HOLMES, Circuit Judge.

■ The National Labor Relations Board seeks enforcement of its order, finding that the respondent, in violation of Section 8(a) (3) of the National Labor Relations Act, 29 U.S.C.A. § 185(a) (3), discriminatorily discharged three employees and laid off a fourth one. The Board found that respondent also violated Section 8(a) (1) of the Act by interfering with, restraining, and coercing, its employees with threats of economic reprisal if the union [1] should succeed in organizing its plant, and by soliciting help in opposition to the union, interrogation of employees as to union sympathies and activities, and discriminatory enforcement of plant rules governing the conduct of employees.

A lengthy campaign for union organization was conducted at respondent's clothes manufacturing plant in Natchez, Mississippi. The union lost the election, but filed objections based in the alleged unlawful and discriminatory activities on the part of respondent. The Board set the election aside, and the union filed the aforementioned charges. The Board's finding of a violation of Section 8(a) (1) is not supported by substantial evidence. The alleged solicitation, interrogations, and threats were casual innocuous discussions with employees at isolated times. Considering the testimony of the employees on direct and cross-examination, it appears that all of the incidents were completely harmless and come within that area of free speech which is granted to the employer as well as to the employee.

---

1. Amalgamated Clothing Workers of America, CIO.

■ The record further discloses that the employees were lawfully discharged for good cause, and there was no violation of Section 8(a) (3) of the Act. The respondent discharged Mrs. Shirley Frederick from its employment because she helped to prepare and signed a letter addressed to the respondent's vice-president wherein she repeatedly called him a "liar," and charged him with having "an obvious contempt for the truth." Mrs. Frederick's letter was written and distributed shortly prior to an election to determine whether the respondent's employees wished to be represented by the union. Upon learning of the general distribution of the letter, the respondent's officials called Mrs. Frederick to the plant office. After being asked whether she wrote and signed the letter, she replied in the affirmative, and stated: "I called him a liar because he is a liar." Thereupon she was discharged by the plant superintendent for insubordination to her employer. The board contends that her letter was provoked by the vice-president's letter, which was addressed to all the employees, and that her letter was within the bounds of lawful conduct.

■ An employee, by engaging in concerted activity, does not acquire a general or unqualified right to use disrespectful epithets toward or concerning his or her employer. An employee may be lawfully discharged because of what he or she says or does in the course of a union organizing campaign if such conduct exceeds the bounds of legitimate campaign propaganda or is so disrespectful of the employer as seriously to impair the maintenance of discipline and thus render the employee unfit for further service.

■ It is difficult to perceive of a situation that is further beyond the protracted concerted activities of the Act than this denunciation of the employer. The board argues that even though an employee publicly denounces her employer as a liar, she may remain a true and loyal employee with no impairment of discipline. Even if this argument be correct in theory, it is abundantly clear that Mrs. Frederick was discharged for lawful cause, and not in violation of the Act. In connection with the said letter, Mrs. Willie Lee Smith was laid off for two weeks on account of her distributing the letter in the respondent's plant during working hours. Since it was justifiable to discharge Mrs. Frederick because of the letter, *a fortiori* it was permissible to lay off Mrs. Smith because of distributing it, since the respondent had reason to believe that she had distributed the letter in the plant during working hours.

■ Mrs. Jewel Taylor was discharged by the respondent for chronic and continued absenteeism. Within a period of seven months, this employee admittedly absented herself from work for 35 days, an average of 5 days per month. Prior to her discharge, she was absent without leave for a period of 4 days. Even though an employee becomes engaged in union activity, it does not excuse irresponsible absenteeism, and we think that this employee's record of persistent absenteeism was a proper and reasonable basis for her discharge.

■ With respect to Bettie Necaise, the preponderance of the evidence does not support the Board's finding of unlawful discharge. This employee falsely marked as "repaired" items that she had not in fact repaired. This action on her part was a clear violation of the company's rules. When confronted with this evidence of her misconduct, she stood mute and offered no explanation. The respondent thereupon, with complete justification, discharged her.

■ Where the employer has proper cause for discharging an employee, the Board may not rely on scant evidence and repeated inferences to make a finding that places the Board in the position of substituting its own ideas of business management for those of the employer. Considered as a whole, the record in this case does not support the Board's petition for a decree of enforce-

ment, and accordingly the petition is denied. Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456.

Enforcement denied.