MILLER ELECTRIC MANUFACTUR-
ING CO., Inc., Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

No. 12406.

United States Court of Appeals
Seventh Circuit.

April 9, 1959.

Gordon P. Gill, Appleton, Wis., for petitioner.

Thomas J. McDermott, Associate Gen. Counsel, Richard H. Frank, Atty., Jerome D. Fenton, Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Arnold Ordman, Atty., N. L. R. B., Washington, D. C., for respondent.

Before HASTINGS, PARKINSON and KNOCH, Circuit Judges.

PARKINSON, Circuit Judge.

Petitioner Miller Electric Manufacturing Co., Inc. seeks to set aside that portion of an order of the respondent National Labor Relations Board for the reinstatement of one Vincent Buchberger, an employee discharged by petitioner on January 4, 1956. The respondent pleads for enforcement of its entire order.

On January 6, 1956 a charge against the petitioner was filed with the Regional Director of respondent charging petitioner with discriminatorily discharging Buchberger in violation of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. Thereafter first, second and third amended charges were filed on February 29, 1956, June 19, 1956 and June 22, 1956, respectively. The amended charges added unfair labor practices which allegedly occurred long after Buchberger's discharge on January 4, 1956.

The original charged only that Buchberger had been unlawfully discharged.

■ The petitioner here attacks only the part of the respondent's order which has to do with Buchberger's reinstatement. The respondent urges upon us that the failure of petitioner to question the balance of the order makes the findings of violation of § 8(a) (1) of the Act "manifestly relevant * * * as they cast light on the motivation underlying petitioner's discharge of Buchberger, * * *." We do not agree. The petitioner fully recognizes the right of its employees to engage in union activities and to organize. It is, therefore, apparent that it has no complaint as to the order of the respondent in that regard. However, that could have no effect on the discharge of Buchberger as, under the circumstances disclosed by this record, the respondent was bound to determine whether his discharge was lawful or unlawful on the evidence of what occurred prior thereto and not thereafter.

From a mere cursory examination of this record it is apparent that the Trial Examiner simply swept under the rug the mass of evidence of Buchberger being obnoxious, hard to get along with, a trouble maker, and antagonistic toward his superiors, and of the many requests made to the petitioner's president to fire him. The undisputed evidence is that during the year 1955 Buchberger's name was before the Shop Committee [1] at almost every meeting "because of his attitude, his belligerence, his failure to make any effort to get along with the rest of the people in the place"; that the Shop Committee had requested Anthony E. Harrant, petitioner's executive vice-president, to get Buchberger discharged; that Harrant took the request of the Shop Committee to Mr. Miller, the petitioner's president, who with tolerance and in face of the numerous previous requests for Buchberger's discharge told Harrant that "each person has a right to be on this earth, * * * and that, therefore, Buchberger would stay."

Thus long prior to December 29, 1955, petitioner had more than just cause to discharge Buchberger. At the meeting of all the petitioner's employees on December 29, 1955 Buchberger falsified facts and accused petitioner's president of being dishonest with petitioner's employees. On January 4, 1956 Buchberger was discharged, not because of any union activity but for a valid and just stated reason.

Respondent in its brief admits that petitioner may have had grounds "upon which the discharge of Buchberger could be validly predicated." The scant evidence and strained inferences upon which the respondent relies in finding Buchberger was engaged in union activity known to petitioner prior to the discharge could not render it ineluctable over the valid cause for discharge. N. L. R. B. v. Blue Bell, Inc., 5 Cir., 1955, 219 F.2d 796, 798.

■ The burden was on the Board to prove that Buchberger was discriminatorily discharged. Indiana Metal Products Corp. v. N. L. R. B., 7 Cir., 1953, 202 F.2d 613, 616. "[W]hen viewed in the light that the record in its entirety furnishes, including the body of evidence opposed to the Board's view", we cannot conscientiously find that the evidence supporting the decision even remotely approaches substantiality. Universal Camera Corp. v. N. L. R. B., 1951, 340 U.S. 474, 488, 71 S.Ct. 456, 465, 95 L.Ed. 456. There must be a limit to the amount of strain the Board can place upon threadbare testimony. Here the evidence, when considered in its entirety as we are bound to do,[2] clearly preponderates in favor of Buchberger's lawful discharge. He was subject to discharge for legal cause and the fact that he was engaged in union activity was a coincidence which

---

1. A committee composed of employees elected from each department which met monthly to represent the employees in matters of grievances, requests and social activities.

2. N.L.R.B. v. Wagner Iron Works, etc., 7 Cir., 1955, 220 F.2d 126, 133.

did not render the just cause invalid. N. L. R. B. v. Birmingham Publishing Company, 5 Cir., 1959, 262 F.2d 2, 9. The finding of the Trial Examiner, as adopted by the Board, that Buchberger was discriminatorily discharged is not supported by substantial evidence.

The order is modified by deleting therefrom the provisions requiring reinstatement of Vincent Buchberger and, thus modified, is ordered enforced.