BUTCHER BOY REFRIGERATOR
DOOR COMPANY, Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

BUTCHER BOY REFRIGERATOR
DOOR COMPANY, Respondent.

Nos. 13082, 13154.

United States Court of Appeals
Seventh Circuit.

April 27, 1961.

Rehearing Denied in No. 13082
June 9, 1961.

Francis E. Hickey, Rockford, Ill., Kenneth C. McGuiness, Washington, D. C., for Butcher Boy.

Bernard M. Mamet, Chicago, Ill., amicus curiae, for petitioner.

Stuart Rothman, Gen. Counsel, Robert Sewell, Atty., N. L. R. B., Washington, D. C., for National Labor Relations Board.

Before DUFFY, SCHNACKENBERG and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

These cases are before the Court pursuant to Section 10(e) of the National Labor Relations Act, as amended, (29 U.S.C.A. § 160(e) ) on the petition of Butcher Boy Refrigerator Door Company to review and set aside an order of the Board issued against it and the Board's petition for enforcement of that order.

The Board's decision and order followed proceedings under Section 10(c) of the Act. The Board found that the Company had violated Sections 8(a) (1), (3) and (5) of the Act [1] by withholding

1. 29 U.S.C.A. § 158, which in so far as pertinent, provides:

"(a) It shall be an unfair labor practice for an employer—

"(1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of this title; * * *

"(3) by discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization:

  *    *    *    *    *

"(5) to refuse to bargain collectively with the representatives of his employees * * *."

an employee's insurance benefit check, by imposing a no-smoking on the job rule and threatening to place a lock on the locker room door, by discharging Union president Hall, by refusing to reinstate, upon request, strikers Blazer and Moritz, by delaying the reinstatement of other strikers, and by failing to bargain in good faith with the Union.[2]

The Board's order directs the Company to cease and desist from the unfair labor practices found and from in any other manner interfering with, restraining or coercing its employees in the exercise of rights guaranteed them by Section 7 of the Act. Affirmatively, the order directs petitioner to offer reinstatement to Hall, Blazer and Moritz, to make them, as well as the strikers whose reinstatement was delayed, whole for any loss suffered, to bargain collectively with the Union on request and to furnish the Union seniority and wage data, and to post the usual appropriate notices.

The contested issue presented for our determination is whether substantial evidence on the record considered as a whole supports the Board's findings that the Company violated Sections 8(a) (1), (3) and (5) of the Act.

We have carefully reviewed the record, the intermediate report of the trial examiner and the decision and order of the Board and it is our opinion that on the record as a whole the Board's findings have substantial evidentiary support. In fact, unless each of the alleged violations is isolated and considered without reference to the setting in which the acts occurred, the argument advanced by the Company with respect to each has no merit. It would serve no useful purpose and unduly lengthen this opinion to recite or attempt to summarize the evidence. We deem it sufficient to observe that from our study of the record we are convinced, as was the Board, that the Company's conduct constituted violations of the Act as found by the Board.

When viewed in the light of the Company's actions which had preceded it, including the reason assigned by the Company for its withholding for several weeks an insurance benefit payment it had received for an employee under its insurance program, and the Company's termination of the employees' prior privilege of smoking on the job, both of which events occurred shortly after the Union had won a Board-conducted election and was certified as bargaining representative of the Company's thirty or forty production and maintenance employees, the circumstances surrounding the discharge of Union president Hall amply justified the Board's finding that the discharge was because of union activities and in violation of Section 8(a) (1) and (3). Sunshine Biscuits, Inc. v. N. L. R. B., 7 Cir., 274 F.2d 738. Unlike the situation in Miller Electric Mfg. Co. v. N. L. R. B., 7 Cir., 265 F.2d 225 there was evidence here of antiunion animus on the part of the employer. The record fully supports the Board's findings that the insurance payment withholding incident, the ban on smoking and threat to lock the door to the locker room which after the ban was used for smoking, in the setting in which they occurred, evidenced retaliation against union membership and activity in violation of Section 8(a) (1).

The dilatory tactics, 45 day no-strike pledge sought to be imposed as a prerequisite to contract negotiations, failure to furnish wage and classification data requested, and unilateral granting of a wage increase during negotiations all support the Board's finding of failure to bargain in good faith in violation of Section 8(a) (5).

That the strike which occurred August 4, 1959 was during a period of contract negotiations does not in and of itself make it an "economic" rather than an "unfair labor practice" strike. Mastro Plastics Corp. v. N. L. R. B., 350 U.S. 270, 76 S.Ct. 349, 100 L.Ed. 309. And, on the record before it, the Board's finding that the August 4th strike was an unfair labor practice strike has substantial support as does its finding that the Com-

2. Carpenters Local 2674, United Brotherhood of Carpenters and Joiners of America, AFL–CIO.

pany's refusal to reinstate and delay in reinstatement of employees were unfair labor practices in violation of the Act.

The order of the Board is affirmed and the Board's petition for a decree enforcing its order is granted.

Affirmed and enforcement ordered.