### NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

### AMERICAN GUILD OF VARIETY ARTISTS, AFL–CIO, Respondent.

No. 27220
Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Dec. 16, 1969.

**312**

Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Warren M. Davison, Assoc. Branch Chief, Washington, D. C., Harold A. Boire, Director, Region 12, N. L. R. B., Tampa, Fla., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marion Griffin, Atty., N. L. R. B., for peititoner.

Joel Field, Howard Schulman, Richard Jones, Wm. Power Maloney, New York City, Schulman, Abarbanel & Kroner, New York City, for respondent.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

## PER CURIAM:

■ Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I.

This case is before the Court upon the application of the National Labor Relations Board for enforcement of its order issued against the American Guild of Variety Artists, AFL–CIO [163 NLRB 457; 155 NLRB 1020].

The Board found that the Union executed, maintained, and gave effect to closed shop agreements, requiring union membership as a condition of employment in violation of § 8(b) (2) and (b) (1) (A) of the National Labor Relations Act.

■ Neither the jurisdiction of the Board nor the validity of the Board order are challenged. The Respondent instead contends that "[B]y the time the Board's brief was filed in this Court, the Union had fully complied with the order of the Board". Although expressing awareness that full compliance with a Board order is no defense to enforcement and that orders have been held to have a preventative as well as a remedial function, Respondent submits that in view of compliance we should deny enforcement.

We commend Respondent for its attitude. Nevertheless, under the teachings of N. L. R. B. v. Mexia Textile Mills, 339 U.S. 563, 70 S.Ct. 833, 94 L.Ed. 1067 (1950) and N. L. R. B. v. Patterson-Menhaden Corp., 5 Cir., 1968, 389 F.2d 701, 703, we are of the opinion that the order of the Board should be enforced.

Enforced.