### NATIONAL LABOR RELATIONS BOARD, Petitioner,

#### v.

### SOUTHERN HOUSEHOLD PRODUCTS COMPANY, Inc., Respondent.

#### No. 71–1131

#### Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 27, 1971.

Rehearing Denied Nov. 15, 1971.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., Charles M. Paschal, Director, Region 15, N. L. R. B., New Orleans, La., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Thomas Silfen, Kenneth Pearlman, Attys., N. L. R. B., Washington, D. C., for petitioner.

Kenneth Perrine, Birmingham, Ala., Robert E. Covington, Jr., Quitman, Miss., for respondent; Leader, Tenenbaum & Perrine, Birmingham, Ala., of counsel.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

* [1] Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, 431 F.2d 409, Part I (5th Cir. 1970).

PER CURIAM:

The National Labor Relations Board seeks enforcement of its order issued against the Southern Household Products Company, Inc. for violations of sections 8(a) (1) and 8(a) (3) of the National Labor Relations Act.[1]

█ With only one exception[2] the Board adopted the findings and recommended order of the trial examiner who conducted a full evidentiary hearing. The issues presented for review are predominately factual and were resolved by the Board against the Company. We find substantial evidence on the record as a whole to sustain the Board's findings and decision.

Relying on the Ninth Circuit's decision in N. L. R. B. v. Raytheon Company,[3] the Company contends that because it has negotiated a contract with the Union[4] and has offered reinstatement to discharged employees the 8(a) (1) and 8(a) (3) claims are moot. In Raytheon the Ninth Circuit did hold that an intervening election and certification warranted dismissal of enforcement proceedings as moot. However, upon certiorari the Supreme Court reversed and remanded for consideration on the merits.[5] Conciliatory action by an employer before enforcement of the Board's order does not render enforcement proceedings moot. As noted by the Supreme Court in Raytheon, it is the responsibility of the Court of Appeals to determine if there have been violations and whether such violations warrant enforcement of the Board's order.

█ The proceedings now before us are not moot.[6] Even if the Company has substantially complied with the Board's order without a judicial mandate to do so, enforcement of the order provides an incentive for continued compliance through the possible sanction of contempt proceedings for violations.[7]

Having found there is substantial evidence on the record as a whole to sustain the Board's findings and decision its order will be enforced.

1. 29 U.S.C.A. § 158(a) (1), (3).

   The Board found that the Company violated section 8(a) (1) of the Act by interrogating employees with respect to union activities, by promising benefits and threatening reprisals depending upon the employees acceptance or rejection of the union, and by cancelling its payments to a group hospital policy. Violations of section 8(a) (3) and (1) were found in the discharge of eleven employees because of their union activity.

2. The trial examiner held that the Company's posting of a notice of cancellation of an employee insurance policy on the day of the election was not an 8(a) (1) violation because the notice could have been posted after the election was completed. The Board reversed, but not upon the examiner's findings of fact. Rather, the Board held that the cancellation notice was unlawful even if posted after the election in that it acted as a reprisal against employees for their union activities. There is substantial evidence on the record as a whole to sustain this conclusion. See N.L.R.B. v. Electric Steam Radiator Corp., 321 F.2d 733 (6th Cir. 1963); Butcher Boy Refrigerator Door Co. v. N.L.R.B., 290 F.2d 22 (7th Cir. 1961). Cf. Crown Central Petroleum Corp. v. N.L.R.B., 430 F.2d 724 (5th Cir. 1970); Armstrong Cork Co. v. N.L.R.B., 211 F.2d 843 (5th Cir. 1954).

3. 408 F.2d 681 (9th Cir. 1969).

4. United Brotherhood of Carpenters and Joiners of America, AFL–CIO.

5. N.L.R.B. v. Raytheon Co., 398 U.S. 25, 90 S.Ct. 1547, 26 L.Ed.2d 21 (1970) See N.L.R.B. v. Mexia Textile Mills, 339 U.S. 563, 567–568, 70 S.Ct. 826, 94 L.Ed. 1067 (1950).

6. The position taken by the Supreme Court in Raytheon is not new to this circuit. See N.L.R.B. v. American Guild of Variety Artists, 420 F.2d 311 (5th Cir. 1969); N.L.R.B. v. Great Atlantic & Pacific Tea Co., 407 F.2d 387 (5th Cir. 1969).

7. See N.L.R.B. v. Raytheon Co., 398 U.S. 25, 28, 90 S.Ct. 1547, 26 L.Ed.2d 21 (1970).