**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**MODINE MANUFACTURING CO., Respondent.**

No. 73–1664.

United States Court of Appeals, Eighth Circuit.

Submitted April 15, 1974.

Decided Aug. 5, 1974.

Jonathan Axelrod, Atty., N. L. R. B., Washington, D. C., for petitioner.

John D. O'Brien, Washington, D. C., for respondent.

Before MATTHES, Senior Circuit Judge, and ROSS and WEBSTER, Circuit Judges.

WEBSTER, Circuit Judge.

The single issue on this application for enforcement of an order of the National Labor Relations Board is whether respondent Modine Manufacturing Company was entitled to a hearing to determine whether the United Auto Workers (UAW) was the appropriate bargaining agent for Modine's employees. Following an election won by the UAW against the Sheet Metal Workers (SMW), the Board certified the UAW over exceptions by the company and the SMW. The company thereafter refused to bargain with the UAW and the Board found this refusal a violation of §§ 8(a)(1) and 8(a)(5) of the National Labor Relations Act. We find that the Board's refusal to grant the company a hearing was proper and that the Board's conclusion that the company refused to bargain is supported by substantial evidence in the record as a whole.[1]

A consent election was held at Modine's Trenton, Missouri plant on March 20, 1972, and the UAW defeated the incumbent SMW by a 93 to 86 vote. The SMW filed timely objections claiming (1) the UAW had misrepresented wage rates at Modine's Paducah, Kentucky plant by listing only the most favorable rates in the contract; (2) the UAW had represented to employees that they could not be called out on strike unless the local membership voted by a two-thirds majority, where as under the UAW constitution the two-thirds requirement only applied to the members present and voting at a meeting called for that purpose and a strike could be called in certain emergency situations without a two-thirds vote of the local;

and (3) the UAW represented that its dues were two hours pay per month and could only be raised by the local membership or its delegates at the UAW national convention, whereas the UAW constitution permitted dues to be raised by a majority vote of the delegates at a national convention or by emergency action of a special convention called for that purpose by the International Union. The SMW further claimed that these representations were made in various handouts distributed between the 14th and 16th of March and that it did not have an adequate opportunity to respond even though each representation was commented upon in a handout distributed by the SMW on March 17th.

The Regional Director conducted an administrative investigation in which all interested parties, including the company, were given an opportunity to submit evidence. In his report recommending the objections be overruled and the UAW certified, the Regional Director found that none of the alleged misrepresentations were departures from the truth sufficient to justify overturning the election and, in any event, he found that the SMW had an adequate opportunity to respond and had in fact responded in each instance. At this point the company joined the SMW in filing objections to the report and requested a hearing. The Board denied the request for a hearing and certified the UAW, leading to the events which resulted in this enforcement application.

In this type of case, an election will not be overturned unless the misrepresentation (1) involves "a substantial departure from the truth", (2) is made at a time when the other party does not have an adequate opportunity to respond and (3) may reasonably be expected to have a significant impact on the election. NLRB v. Georgia-Pacific

---

[1] The Board extensively reviewed its discretionary power to determine whether to grant hearings to parties objecting to the conduct of elections and, according to respondent's argument, expanded its authority to deny hearings in situations in which the appellate courts have heretofore required them.

Modine Mfg. Co., 203 NLRB No. 77, 83 LRRM 1133 (1973). Since we conclude that no hearing was required in this case under the well established case law of this circuit, we neither endorse nor reject the Board's stated views.

Corp., 473 F.2d 206, 208 (8th Cir. 1973) ; Hollywood Ceramics Co., 140 NLRB 221, 51 LRRM 1600 (1962) ; *see* Bok, The Regulation of Campaign Tactics in Representation Elections Under the National Labor Relations Act, 78 Harv.L.Rev. 38, 82–92 (1964). The Board has a wide degree of discretion in the conduct of certification elections and a hearing is required to determine whether these criteria have been satisfied only where the opposing party has raised "substantial and material factual issues". We have said:

> To raise such issues, ' \* \* \* [i]t is incumbent upon the party seeking a hearing to clearly demonstrate that factual issues exist which can only be resolved by an evidentiary hearing. The exceptions must state the specific findings that are controverted and must show what evidence will be presented to support a contrary finding or conclusion. \* \* \* Mere disagreement with the Regional Director's reasoning and conclusions does not raise "substantial and material factual issues." \* \* \* The Board is entitled to rely on the report of the Regional Director in the absence of specific assertions of error, substantiated by offers of proof.'

NLRB v. Griffith Oldsmobile, Inc., 455 F.2d 867, 868–869 (8th Cir. 1972), *quoting* NLRB v. Tennessee Packers, Inc., 379 F.2d 172, 178 (6th Cir.), cert. denied, 389 U.S. 958, 88 S.Ct. 338, 19 L.Ed.2d 364 (1967).

In this case the Paducah contract, the UAW constitution and the handouts containing the alleged misrepresentations were all in the record. The material facts are not disputed; rather, respondent would attack the inferences and conclusions of the Regional Director. The findings of the Regional Director were adopted by the Board. He found (1) that there was adequate opportunity for the SMW to make an effective reply to the UAW's written statement concerning the Paducah plant wage rates, (2) that the statement with respect to the strike vote did not substantially depart from the truth and was not a material misrepresentation, and (3) that the statement with respect to union dues did not substantially misrepresent the UAW's dues structure and that the SMW had an opportunity to and did reply to such representations. These findings are supported by substantial evidence on the record as a whole. It is therefore unnecessary to consider the possible impact of such statements upon the election.[2]

■■ In each of the cases cited by respondent in which we held that a hearing was required, the objecting party offered evidence which established factual questions which were ripe for exploration and examination in an adversary hearing and on which the outcome turned.[3] Moreover, in each of those cases the parties before the Board and the court were the real parties to the dispute. Here, the company had nothing to do with the election, presented no evidence to the Regional Director and raised no objection to the UAW's conduct until after the report was submitted. We fail to see how the company was prejudiced by the Board's decision or what it hoped legitimately to gain by refusing to bargain with the union certified by the Board.[4]

The Board's order is hereby enforced.

2. *See* note 1 *supra.*

3. *See, e. g.,* NLRB v. Skelly Oil Co., 473 F.2d 1079 (8th Cir. 1973) ; NLRB v. Southern Paper Box Co., 473 F.2d 208 (8th Cir. 1973) ; NLRB v. Piggly Wiggly Red River Co., 464 F.2d 106 (8th Cir. 1972) ; NLRB v. Commercial Letter, Inc., 455 F.2d 109 (8th Cir. 1972).

4. Subsequent to the submission of this case, a contract settlement was reached between Modine and the UAW and the company has suggested that the matter is now moot. The Board has correctly pointed out that compliance with its order does not moot the proceedings because the order includes a requirement that the company cease and desist from refusing to bargain in good faith and "the Board is entitled to have the resumption of the unfair [labor] practice barred by an enforcement decree. . . . " NLRB v. Raytheon Co., 398 U.S. 25, 27, 90 S.Ct. 1547, 1549, 26 L.Ed.2d 21 (1970).