**ITT BLACKBURN COMPANY,**
Petitioner,

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 76–1146.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 9, 1976.

Decided Nov. 19, 1976.

Harry L. Browne and Stanley E. Craven, Spencer, Fane, Britt & Browne, Kansas City, Mo., for petitioner.

John S. Irving, Jr., Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Carl L. Taylor, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel and Paul J. Spielberg and Michael F. Messitte, Attys., N. L. R. B., Washington, D. C., for respondent.

Before GIBSON, Chief Judge, and HEANEY and HENLEY, Circuit Judges.

PER CURIAM.

This matter is before us on a petition of the ITT Blackburn Company to review, and on cross-application of the National Labor Relations Board to enforce, an order of the Board requiring the Company to bargain with the Office and Professional Employees International Union, Local 13, AFL–CIO. The issues arise out of an underlying representation case and a subsequent election won by the Union. The Company filed timely objections to that election, based upon alleged misrepresentations and promises made by the Union to the employees. The Board overruled the objections and certified the Union. The Company refused to bargain to test the validity of the election and the certification. The Board's decision and order are reported at 222 N.L.R.B. No. 139, 91 L.R.R.M. 1336 (1976).

The parties are in agreement that the standard to be followed by the Board in determining whether an election should be set aside is:

[A]n election * * * [will] be set aside only where there has been a misrepresentation or other similar campaign trickery, which involves a substantial departure from the truth, at a time which prevents the other party or parties from making an effective reply, so that the misrepresentation, whether deliberate or not, may reasonably be expected to have a significant impact on the election. * * * [E]ven where a misrepresentation is shown to have been substantial, the Board may still refuse to set aside the election if it finds upon consideration of all the circumstances that the statement would not be likely to have had a real impact on the election.

*Hollywood Ceramics, Inc.,* 140 N.L.R.B. Nos. 221, 224, 51 L.R.R.M. 1600, 1601–1602

(1962). *Accord, LaCrescent Constant Care Center, Inc., v. N.L.R.B.,* 510 F.2d 1319, 1321 (8th Cir. 1975); *N.L.R.B. v. Modine Manufacturing Co.,* 500 F.2d 914, 915–916 (8th Cir. 1974), and cases cited therein.

On review, we are to determine whether the Board, in overruling the Company's objections to the election, used an improper legal standard or acted arbitrarily in the exercise of its discretion. *N.L.R.B. v. Mattison Machine Works,* 365 U.S. 123, 124, 81 S.Ct. 434, 5 L.Ed.2d 455 (1961); *N.L.R.B. v. A. J. Tower Co.,* 329 U.S. 324, 330–331, 67 S.Ct. 324, 91 L.Ed. 322 (1946); *N.L.R.B. v. Skelly Oil Co.,* 473 F.2d 1079, 1083 (8th Cir. 1973). We find that the Board applied the appropriate standard and that it did not abuse its discretion.

The Board properly found the Union's statement that it had negotiated a collective bargaining agreement with another employer, which gave the employees twelve paid holidays when, in fact, the agreement provided for only nine such holidays, did not have such a substantial impact on the election as to warrant setting it aside. There is substantial evidence in the record to support the Board's findings that: the misstatement was an inadvertent one; the employees already had eleven holidays and the holiday issue was not an overriding one in the pre-election campaign; and the Company distributed a special report to the employees shortly before the election, which reached its intended audience and made it clear that the contract in question provided for nine holidays.

We have examined the Company's remaining objections to the election, *i. e.,* the Union's statements with respect to the retention of present benefits and its undertaking to help the employees with their debts in the event of a strike, and hold that the Board's findings with respect to them are not arbitrary but are rather supported by the record as a whole.

The election campaign was a hard fought one but one the Board properly found was conducted within permissible limits. The Union and the employer each distributed a number of reports and pamphlets to the affected employees. The Union essentially tried to convince the employees that their working conditions would be better if the Union won the election, and the Company attempted to convince the employees that this was not necessarily the case. It represented that if the Union won the election, the employees might have to become members of the Union and pay dues whether they wanted to or not, that the Union might "try to trade off your benefits for what they want," that "unionization usually produces more regimentation, more formality, and less flexibility" and that "the Union cannot guarantee its members anything except that they will pay dues and face the possibility of a strike" if the Union wins the election.

We grant the petition of the National Labor Relations Board and enforce its order.