**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**TARGET STORES, INC., Respondent.**

No. 75–1871.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1976.

Decided Jan. 7, 1977.

Marjorie S. Gofreed, Atty., N.L.R.B., Washington, D. C., for petitioner; Elliott Moore, Deputy Associate Gen. Counsel, Washington, D. C., on appendix; John S. Irving, Jr., Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, Washington, D. C., on brief.

Sidney S. Wolchok, New York City, for respondent; Jon David Sherry, New York City, and Martin Garden, Minneapolis, Minn., on brief.

Before MARKEY,* STEPHENSON and HENLEY, Circuit Judges.

STEPHENSON, Circuit Judge.

This case is before the court on an application of the National Labor Relations Board (Board) for enforcement of its order requiring Target Stores, Inc. (Company) to bargain with Warehouse, Drivers & Helpers Local 359 (Union). The issues in this matter arise from representation proceedings and a subsequent election won by the Un-

* The Honorable Howard T. Markey, Chief Judge, United States Court of Customs and Patent Appeals, sitting by designation.

ion.[1] The Company filed exceptions to the election based *inter alia* on alleged misrepresentations and promises made by the Union to the employees. The Board overruled the objections and certified the Union as bargaining agent for warehouse and maintenance employees at the Company's central distribution center. The Company refused to bargain in order to test the validity of the election and certification. The Board's decision and order are reported at 219 NLRB No. 95 (1976). We grant the petition of the Board and enforce its order.

### I. *Propriety of the Bargaining Unit Designation.*

The Company first contends the Board's bargaining order was not proper because the unit for which the Union requested recognition was inappropriate. The Company operates a chain of discount department stores in various states revolving around a central distribution center in Fridley, Minnesota. Working within the distribution center are warehouse, maintenance, traffic, computer, accounting and other clerical employees. The Board's regional director, whose determination was later affirmed by the Board, decided in favor of a separate bargaining unit of warehouse and maintenance employees. In the Company's view, the smallest appropriate unit should have constituted all warehouse clerical employees, particularly traffic employees[2] who were not included in the unit.

The Board has broad discretion under section 9(b) of the National Labor Relations Act, 29 U.S.C. § 159(b), in determining the appropriate bargaining unit because of its special expertise. *Allied Chemical*

*Workers v. Pittsburgh Plate Glass Co.,* 404 U.S. 157, 171, 92 S.Ct. 383, 30 L.Ed.2d 341 (1971); *N.L.R.B. v. Crystal Tire Co.,* 410 F.2d 916, 919 (8th Cir. 1969). The Board's choice of an appropriate unit should be upheld if there is substantial evidence upon the record as a whole to support the Board's determination and unless the Board acted arbitrarily or capriciously. *Universal Camera Corp. v. N.L.R.B.,* 340 U.S. 474, 490–91, 71 S.Ct. 456, 95 L.Ed. 456 (1951); *Packard Motor Car Co. v. N.L.R.B.,* 330 U.S. 485, 491–92, 67 S.Ct. 789, 91 L.Ed. 1040 (1947); *N.L.R.B. v. Hoerner-Waldorf Corp.,* 525 F.2d 805, 807–08 (8th Cir. 1975); *Stephens Produce Co. v. N.L.R.B.,* 515 F.2d 1373, 1378 (8th Cir. 1975).

In ascertaining the scope of an appropriate unit, permissible factors to be considered include company organization, physical distribution of employees, supervision, job functions, skills, wages, working conditions and collective bargaining history. *See, e. g., Wil-Kil Pest Control Co. v. N.L.R.B.,* 440 F.2d 371, 375 (7th Cir. 1971). After reviewing the record, we conclude that the Board did not commit an abuse of discretion in designating a bargaining unit including warehouse and maintenance employees and excluding traffic and other clerical employees. Substantial evidence supports the regional director's determination that there is physical, functional and supervisory separation between the clerical employees, such as the traffic department, as compared to the warehouse and maintenance employees which were included in the bargaining unit.[3] *See Pittsburgh Plate Glass Co. v. N.L.R.B.,* 313 U.S. 146, 153, 61 S.Ct. 908, 85 L.Ed. 1251 (1941); *N.L.R.B. v.*

---

1. The Union prevailed in a close election involving 70 votes in favor of unionization and 68 votes opposed.

2. The traffic department is responsible for functions such as routing goods, selecting carriers and processing invoices.

3. The Company also contends that the Board improperly allowed the Union's extent of organizing to control determination of the appropriate bargaining unit, contrary to the statutory

prohibition of section 9(c)(5) of the Act, 29 U.S.C. § 159(c)(5), in that the unit determined to be appropriate would have included the traffic department employees except for the Union's desire to exclude them. In view of the Board's ostensible consideration of permissible criteria and substantial evidence indicating the propriety of the scope of the bargaining unit, the Company's assertion is without merit.

*Gerbes Super Markets, Inc.,* 436 F.2d 19, 22 (8th Cir. 1971).

## II. *Validity of the Election.*

In claiming the Board's bargaining order was improper, the Company next asserts that prejudicial Union conduct tainted the validity of the election resulting in certification of the Union as exclusive bargaining representative in the unit described above. The Company primarily contends that prior to the election Union representatives made material misrepresentations concerning economic benefits that would be derived from unionization, waiver of union initiation fees for eligible voters, delay of union dues until receipt of a pay increase, and unlawful firing and transferral of employees.

■■■ The Board is entrusted with wide discretion in the conduct and supervision of union representation elections. *See La-Crescent Constant Care Center, Inc. v. N.L. R.B.,* 510 F.2d 1319, 1321 (8th Cir. 1975). The standards for reviewing cases involving allegations of misrepresentation have been adequately expressed by this court in *N.L. R.B. v. Modine Manufacturing Co.,* 500 F.2d 914, 915 (8th Cir. 1974), as follows:

> [A]n election will not be overturned unless the misrepresentation (1) involves "a substantial departure from the truth", (2) is made at a time when the other party does not have an adequate opportunity to respond and (3) may reasonably be expected to have a significant impact on the election.

The burden is on the objecting party to prove there has been prejudice to the fairness of the election. *N.L.R.B. v. Golden Age Beverage Co.,* 415 F.2d 26, 30 (5th Cir. 1969).

■ Our review of the record, does not demonstrate that all of the alleged statements were actually made. Moreover, the remaining allegations of misrepresentation either could not reasonably have constituted substantial departure from the truth or could not have had a significant impact on the election. *See N.L.R.B. v. Georgia-Pacific Corp.,* 473 F.2d 206, 208 (8th Cir. 1973); *Hollywood Ceramics Co.,* 140 NLRB 221, 224, 51 LRRM 1600, 1601 (1962). A certain amount of exaggeration or hyperbole is to be expected in any election and, by necessity, tolerated. *See Ex-Cell-O Corp. v. N.L. R.B.,* 145 U.S.App.D.C. 396, 449 F.2d 1058, 1061 (1971).

■ Alternatively, the Company contends the Union's offer to allow reduced initiation fees for eligible election voters while requiring payment of fees for employees hired after the election is violative of the rule established in *N.L.R.B. v. Savair Manufacturing Co.,* 414 U.S. 270, 277, 94 S.Ct. 495, 38 L.Ed.2d 495 (1973). In *Savair* the Supreme Court held that a union's offer to waive initiation fees for workers signing union authorization cards before the certification election constituted an unfair labor practice. However, the waiver policy promoted by the Union in the instant case is not prohibited by the decision in *Savair* in that the reduced initiation fee was offered to all employees eligible to vote, whether favoring or opposing unionization. *See N.L.R.B. v. Wabash Transformer Corp.,* 509 F.2d 647, 649 (8th Cir.), *cert. denied,* 423 U.S. 827, 96 S.Ct. 44, 46 L.Ed.2d 44 (1975). The Board's determination that the Union representation election was fairly conducted was not an abuse of its discretion.[4]

---

4. The Company also raised before the Board objections to the election stating that a Union observer personally escorted employees to the election polls; that a Company bulletin urging employees to vote in the union election was defaced by addition of the word "yes"; and that Union representatives distributed handbills and talked with employees within 24 hours of the election. These objections, which have not been renewed before this court, are without substantial merit. The evidence supports the regional director's assessment that the Union observer's conduct was aimed at persuading employees to vote and was not coercive; that the defacement of the bulletin could not have had a significant impact on the election; and that the Union distribution of handbills and conversations with employees did not occur within Company premises on Company-paid time. *Cf. Peerless Plywood Co.,* 107 NLRB 427 (1953). The regional director's determinations with regard to these objections were not arbitrary.

### III.  *Necessity for a Hearing.*

█ The Company's final contention in defense of its refusal to bargain is that the Board erred in failing to provide an evidentiary hearing concerning the Company's objections to the Union's pre-election conduct. In reviewing the validity of certification elections, a hearing is required only when there are substantial and material factual issues. 29 C.F.R. § 102.69(d). *See N.L.R.B. v. Modine Manufacturing Co.,* 500 F.2d 914, 915 (8th Cir. 1974); *N.L.R.B. v. Griffith Oldsmobile Inc.,* 455 F.2d 867, 868–69 (8th Cir. 1972).

The record reveals that the regional director, pursuant to 29 C.F.R. § 102.69(c), conducted an administrative investigation of the Company's objections to the election. Upon the regional director's request, the Company furnished the names and addresses of all witnesses who were expected to provide testimony in support of its objections, a brief description of the anticipated testimony, and all supportive documentary evidence. Each of these witnesses was subsequently interviewed by the regional director. The regional director's certification of the Union was reached after consideration of the evidence submitted by the Company. Following the Union's certification, the Company filed exceptions with the Board and contended that the investigation was inadequate. The Board, concluding there were no substantial and material factual issues, denied the request without holding a hearing.

In order to raise substantial and material factual issues necessitating a hearing, this court has required:

> It is incumbent upon the party seeking a hearing to clearly demonstrate that factual issues exist which can only be resolved by an evidentiary hearing. The exceptions must state the specific findings that are controverted and must show what evidence will be presented to support a contrary finding or conclusion. * * * Mere disagreement with the Regional Director's reasoning and conclu-

sions do[es] not raise "substantial and material factual issues." This is not to say that a party cannot except to the inferences and conclusions drawn by the Regional Director, but that such disagreement, in itself, cannot be the basis for demanding a hearing. To request a hearing a party must, in its exceptions, define its disagreements and make an offer of proof to support findings contrary to those of the Regional Director. The Board is entitled to rely on the report of the Regional Director in the absence of specific assertions of error, substantiated by offers of proof. (Citations omitted.)

*N.L.R.B. v. Griffith Oldsmobile, Inc., supra,* 455 F.2d at 868–69, *quoting from N.L.R.B. v. Tennessee Packers, Inc.,* 379 F.2d 172, 178 (6th Cir.), *cert. denied,* 389 U.S. 958, 88 S.Ct. 338, 19 L.Ed.2d 364 (1967).

█ Our review of the record reveals that the Company failed to make an offer to submit evidence that was sufficiently inconsistent with the regional director's findings to create substantial and material factual issues. The Company merely questioned the interpretation and inferences placed upon the facts by the Board's regional director. *See N.L.R.B. v. Modine Manufacturing Co., supra,* 500 F.2d at 916; *N.L.R.B. v. Griffith Oldsmobile, Inc., supra,* 455 F.2d at 869. Accordingly, there did not appear to be any necessity for a plenary hearing. *See N.L.R.B. v. DIT–MCO Inc.,* 428 F.2d 775, 777–78 (8th Cir. 1970).

The Board order is enforced.