**BAKERS UNION LOCAL NO. 4 OF GREATER ST. LOUIS, Plaintiff,**

v.

**SCHNUCK BAKING CO., INC., Defendant.**

No. 85–910C(A).

United States District Court, E.D. Missouri, E.D.

July 5, 1985.

John H. Goffstein, Clayton, Mo., for plaintiff.

Ralph Edwards, Robin A. Sonneland, St. Louis, Mo., for defendant.

## MEMORANDUM AND ORDER

HARPER, District Judge.

This matter is before the Court on defendant's motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant attached several matters outside the pleadings to its motion. The Court, therefore, notified the parties by letter dated May 21, 1985 that it would treat the motion as one for summary judgment pursuant to Rules 12(b) and 56. Plaintiff thereafter filed a cross-motion for summary judgment pursuant to Rule 56, attaching an affidavit of one of its agents. In responding to plaintiff's cross-motion, defendant also submitted a motion to strike the affidavit pursuant to Rule 56(e). Because the Court finds on defendant's motion that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law, Fed.R. Civ.P. 56(c), the Court does not reach defendant's motion to strike.

The Court has jurisdiction under section 301 of the Labor Management Relations Act (hereinafter referred to as LMRA), 20 U.S.C. § 185. Plaintiff, Bakers Union Local No. 4 (hereinafter referred to as Local 4), alleges violation of a collective bargaining agreement between it and defendant. Schnuck Baking Company (hereinafter referred to as Schnuck). The union, within this deity it represents employees in an industry affecting commerce as defined in 29 U.S.C. § 142. Schnuck maintains its principal place of business within this district.

The pleadings and other matters before the Court discloses that Schnuck operates a large chain of grocery stores in and around the St. Louis metropolitan area. In 1982, Schnuck introduced "Rock Bottom" warehouse stores to supplement its chain of conventional supermarkets. Warehouse stores utilize modified merchandising and pricing methods to increase sales and minimize costs. Schnuck recognized United Food and Commercial Workers Union, Local 655 (hereinafter referred to as UFCW), as the exclusive bargaining representative for all of its warehouse store employees. By contrast, several unions represent employees at Schnuck's conventional stores. Local 4 represents all employees at the conventional stores who perform baking operations.

In January, 1984, Schnuck discussed with UFCW its desire to open bakery departments in the warehouse stores. Employees of the new department would perform "bake-off" operations. The "bake-off" operation consists of completing preparation of semi-finished bakery goods manufactured at Schnuck's bakery plant. Schnuck and UFCW agreed that the new employees would accrete to the existing UFCW-represented warehouse store bargaining unit. The agreement produced a contract addendum incorporating the warehouse bakery department employees under the UFCW contract and establishing department wage rates.

Shortly thereafter, Local 4 filed a grievance with Schnuck alleging that UFCW recognition violated Schnuck's agreement with Local 4.[1] The grievance stated:

"Article XV—Grievance and Arbitration
"Section 1. Should any grievance arise between the parties to this Agreement pertaining to the application or interpretation of any of the provisions of this Agreement * * * an earnest effort shall be made to settle such grievance promptly in the following manner.

\* \* \* \* \* \*

---

1. The collective bargaining agreement, effective May 3, 1982 to May 5, 1985, provided:
   "Article II—Recognition
   "Section 1. The Company recognizes the Union as the sole collective bargaining agent for all bakery employees engaged in the manufacture of bakery products for its plant (a) in the St. Louis Metropolitan Area.

   \* \* \* \* \* \*

"The Union is filing this grievance for lost work and pay for employees working in Schnuck's in-store bakeries at their warehouse locations. The current labor agreement between Schnuck's Markets and Bakers Union Local 4 under recognition states. [Sic.] The company recognizes the union as the sole and exclusive bargaining agent for all in-store bakery employees working in Schnuck's Markets in the St. Louis metropolitan area to include its store in Columbia, Missouri, current and future stores to be included. The employees at the warehouse stores have been employed under another agreement and is in violation of our contract. Therefore we are seeking lost work and wages." [Sic.]

Schnuck refused the grievance but agreed to submit the dispute to arbitration.

Although the parties proceeded to arbitration, prior to a hearing before the arbitrator, Local 4 filed unfair labor practice charges with the National Labor Relations Board (hereinafter referred to as NLRB.[2] The union alleged that Schnuck

"unlawfully deprived its employees of their protected concerted rights of self-determination when it agreed to recognize [UFCW] as the exclusive bargaining representative for all of the employees in its 'Rock Bottom' thrift stores when a genuine question of representative existed and when another labor organization maintained a majority interest."

The union charged that such actions violated Sections 8(a)(2) and (3) of the LMRA, 29 U.S.C. §§ 158(a)(2), (3).[3]

The Regional Director disagreed, refusing to issue a complaint against Schnuck. After having "carefully investigated and considered" the charge, he found insufficient evidence that Schnuck unlawfully recognized UFCW in violation of Sections 8(a)(2) and (3). Specifically, as he reported in a letter to the union dated October 31, 1984:

"The investigation did not * * * establish that the warehouse stores' bakery department employees have a sufficient separate group identity, such that those employees would constitute a separate appropriate collective-bargaining unit. Thus, although bakery department employees have separate departmental seniority and wage rates, those employees have regular contact with other employees covered by the UFCW contract, regularly perform sales duties similar to other employees, work similar hours, and share common supervision with those employees. Moreover, although employ-

---

"Section 3. If a settlement fails by the foregoing process, the grievance may be appealed * * * to arbitration."

Local 4, in its memorandum, cites a recognition provision presumably of the previous agreement:

"If the Company does any baking on the premises of any of its branch stores, it shall be done exclusively by a member of Local No. 4 as classified in Exhibit A, who shall be included in the bargaining unit covered by this agreement."

Even assuming that this is the appropriate provision, it would not alter the disposition of this case.

**2.** Schnuck and Local 4 disagree as to the precise status of the arbitration proceedings resulting from the union's appeal to the NLRB. Local 4 asserts that the parties agreed "to indefinitely continue" the arbitration proceedings, apparently meaning that the parties agreed to continue the proceedings after the NLRB decision. Schnuck alleges that the arbitrator "canceled" the arbitration proceedings. Local 4 appears to

concede the same when it states that the parties agreed to another arbitrator after the Regional Director's decision. In either case, the disputed facts are not material.

**3.** In pertinent part, Section 8 provides:

"(a) It shall be an unfair labor practice for an employer—

"(1) to interfere with, restain or coerce employees in the exercise of the rights guaranteed in section 157 of this title;

"(2) to dominate or interfere with the formation or or administration of any labor organization or or contribute financial or other support to it * * *;

"(3) by discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization * * *;

$$* \quad * \quad * \quad * \quad * \quad *$$

"(5) to refuse to bargain collectively with the representatives of his employees, subject to the provisions of section 159(a) of this title."

ees at the Employer's convention stores who perform baking duties are separately represented from bakery department employees at those stores who perform sales duties, that collective-bargaining unit was established at a time when in-store employees performed a full range of 'scratch' baking duties (involving the initial mixing and preparation of bakery products, using raw ingredients), rather than performing the finishing or 'bake-off' duties now involved at the in-store bakery department. Such separate units are an exception to the normal collective bargaining practice in the St. Louis-Metropolitan area, where both bake-off and bakery sales employees are included under contracts between various employees and the UFCW. It therefore appears that the bakery department employees were lawfully accreted to the warehouse collective-bargaining unit represented by the UFCW and I am, therefore, refusing to issue complaint."

Local 4 did not appeal the Regional Director's decision as provided for by NLRB regulations and as explained by the Director in his letter. Rather, it attempted to reinstitute arbitration proceedings.[4] When Schnuck refused to arbitrate, the union filed this action. Schnuck's refusal to arbitrate the dispute, the union alleges, violated the arbitration provision of the collective bargaining agreement between Schnuck and Local 4. It asks this Court to compel Schnuck to arbitrate the grievance.

In support of its motion to dismiss Schnuck argues that Local 4's grievance turns upon the union's assertion that it, not UFCW, properly represents the warehouse store bakery department employees. According to Schnuck, because the Regional Director found that UFCW properly represents the bakery department employees, under the relevant case law damages for breach of contract cannot lie. Likewise, it argues, the Court should not compel it to arbitrate the same issues.

Local 4 counters with several arguments. First, it asks this Court to defer to the strong federal policy favoring arbitration. Secondly, it asserts that it did not seek, and the NLRB did not make, a representational determination. Section 9 prescribes the procedure for representational decisions.[5] Local 4 maintains that such determinations made in the context of a Section 8 unfair labor practice proceeding neither constitute an NLRB determination of the issue nor carry "precedential value." Finally, the NLRB, according to the union, defers to arbitration of these issues and, in particular, would defer to arbitration in this case if the union sought a representational determination.

---

**4.** According to Local 4, Schnuck agreed to an arbitrator *after* the NLRB decision. It apparently argues that even if Schnuck did not have to arbitrate the grievance in light of the Regional Director's decision, its subsequent agreement to an arbitrator nevertheless obligated it to arbitrate. If, as this Court finds, Schnuck was under no obligation to arbitrate, the Court finds no reason why it should compel it to arbitrate that issue merely because it subsequently agreed to do so, only to change its mind.

**5.** In pertinent part, Section 9, 29 U.S.C. § 159, provides:

"(a) Representatives designated or selected for the purposes of collective bargaining by the majority of the employees in a unit appropriate for such purposes, shall be the exclusive representatives of all the employees in such unit for the purposes of collective bargaining in respect to rates of pay, wages, hours of employment, or other conditions of employment * * *.

"(b) The Board shall decide in each case whether in order to assure to employees the fullest freedom in exercising the rights guaranteed by this subchapter, the unit appropriate for the purposes of collective bargaining shall be the employer unit, craft unit, plant unit, or subdivision thereof * * *.

"(c)(1) Whenever a petition shall have been filed, in accordance with such regulations as may be prescribed by the Board * * * the Board shall investigate such petition and if it has reasonable cause to believe that a question of representation affecting commerce exists shall provide for an appropriate hearing upon due notice. Such hearing may be conducted by an officer or employee of the regional office, who shall not make any recommendations with respect thereto. If the Board finds upon the record of such hearing that such a question of representation exists, it shall direct an election by secret ballot and shall certify the results thereof."

■ Although federal courts favor arbitration of labor disputes and resolve all doubts concerning the arbitrability of specific issues in favor of arbitration, *see, e.g., United Steelworkers of America v. Warrior & Gulf Co.,* 363 U.S. 574, 581–82, 80 S.Ct. 1347, 1352–53, 4 L.Ed.2d 1409 (1960), the courts refuse to compel arbitration of representational issues previously determined by the NLRB pursuant to proceedings under Section 9 of the LMRA. *See, Yellow Freight System, Inc. v. Automobile Mechanics Local 701, Int'l Assoc. of Machinists, AFL–CIO,* 684 F.2d 526 (7th Cir.1982); *Smith Steelworkers v. A.O. Smith Corp.,* 420 F.2d 1 (7th Cir.1969) (hereinafter *Smith* ); *McGuire v. Humble Oil & Refining Co.,* 355 F.2d 352 (2nd Cir.), cert. denied, 384 U.S. 988, 86 S.Ct. 1889, 16 L.Ed.2d 1004 (1966). *See also, Carey v. Westinghouse Electric Corp.,* 375 U.S. 261, 272, 84 S.Ct. 401, 409, 11 L.Ed.2d 320 (1964) (in dicta stated that a subsequent NLRB decision would override an inconsistent arbitration award). Citing *Smith* and *McGuire,* the Eighth Circuit "noted that courts have consistently refused to order arbitration where the Board had previously resolved the dispositive representational issue." *Local Union 204, Int'l. Brotherhood of Electrical Workers v. Iowa Electric Light & Power Co.,* 668 F.2d 413, 419 n. 11 (8th Cir.1982). While noted in the context of Section 9 proceedings, this Court finds no reason to apply a different rule when the case involves Section 8 proceedings, for "[representational] disputes may be resolved in the context of an 8(a)(5) unfair labor practice proceeding." *Metromedia, Inc. v. N.L.R.B.,* 586 F.2d 1182, 1190 (8th Cir.1978 (hereinafter *Metromedia* ).

■ Local 4 characterizes the grievance as "a contract dispute concerning the *manning* of the bakery operations," and asserts that the parties agreed to stay arbitration "pending a determination of *related issues* of representational rights at the [NLRB]" (emphasis added). However, the grievance clearly involves a representational dispute—"a controversy as to which union should represent the employees doing particular work" rather than "a controversy as to whether certain work should be performed by workers in one bargaining unit or those in another." *Carey v. Westinghouse,* supra, 375 U.S. at 263, 84 S.Ct. at 404; *Metromedia,* supra, at 1189. UFCW recognition and employment of the bakery department employees under the UFCW agreement, the union charged, violated its contract with Schnuck. To recover at arbitration, Local 4 would have to convince the arbitrator that it has the right to represent the employees. Whether contractual or not, the representational issue would fully dispose of the grievance.

Contrary to Local 4's assertion, the charge filed with the NLRB discloses that the representational issues formed the basis of the alleged Section 8 violations. The complaint itself states that the union sought "a determination of related issues of representational rights." More importantly, the Regional Director's decision clearly reveals that he perceived the issue as representational, and that he refused to issue an unfair labor practice complaint against Schnuck solely on the ground that Schnuck recognized the correct bargaining unit.

Finally, the Regional Director clearly did determine that the bakery department employees were an appropriate accretion to the warehouse store bargaining unit. To define the appropriate bargaining unit under Section 9 of the LMRA, the Board and the courts apply a community-of-interest analysis. The analysis includes "such factors as bargaining history, operations integration, geographical proximity, common supervision, similarity in job function, and degree of employee interchange. *N.L.R.B. v. Metal Container Corp.,* 660 F.2d 1309, 1313 (8th Cir.1981); *N.L.R.B. v. Target Stores, Inc.,* 547 F.2d 421, 423 (8th Cir.1977). In holding that the warehouse store bakery department employees did not "have a sufficient group identity" to "constitute a separate appropriate collective-bargaining group," the Director considered several of these factors. Inasmuch as this

Court is not called upon to review the findings, it must hold that the Regional Director did in fact determine the appropriate bargaining unit and, thus, the union's representational rights. *Cf. N.L.R.B. v. Metal Container Corp.*, 660 F.2d at 1313–14 (affirmed strikingly similar findings of a Regional Director).

Local 4 insists, however, that if it petitions the NLRB under Section 9, "the *Board* would have to take jurisdiction and render a ruling unlike its practice of non-precedent setting General Counsel denial to accept jurisdiction [sic] in the case at bar" (emphasis added). Thus, it argues, if the Court accepts Schnuck's position that the Section 8 proceedings disposed of the arbitrable issues, it would deny the union "a due process hearing." This argument is wholly without merit. First, the Court holds only that Schnuck need not arbitrate the issue. The holding does not preclude Local 4 from petitioning the NLRB under Section 9. Nor does the holding bind the NLRB in any way. Secondly, under the NLRB guidelines, "[n]either hearing nor consent-election possibilities should be explored if it appears upon initial contacts that no representation question affecting commerce exists." § 11010.4. "Prior to issuance of a notice of hearing * * * the case in question must meet the test—*Is there reasonable cause to believe that a question of representation affecting commerce exists?*" § 11010.5 (emphasis in original). Thus, the NLRB does not conduct a full hearing upon every Section 9 petition just as it does not review every Section 8 charge filed with the Regional Director.

The decision of the Regional Director of the NLRB fully disposes of the dispute underlying the grievance filed with Schnuck. This Court refuses to compel Schnuck to arbitrate the issue.

Accordingly, the Court sustains defendant's motion to dismiss under Rules 12(b) and 56, and further denies plaintiff's Rule 56 motion for summary judgment.