## NATIONAL LABOR RELATIONS BOARD *v.* RAYTHEON CO. ET AL.

No. 440.   Argued February 26, 1970—Decided May 18, 1970

*Deputy Attorney General Kleindienst* argued the cause for petitioner.   On the brief were *Solicitor General Griswold, Peter L. Strauss, Arnold Ordman, Dominick L. Manoli, Norton J. Come,* and *Linda Sher.*

*Charles H. Resnick* argued the cause for respondents. With him on the brief was *Alfred C. Phillips.*

Opinion of the Court by MR. JUSTICE MARSHALL, announced by MR. JUSTICE STEWART.

This case was brought here on certiorari by the National Labor Relations Board for review of the dismissal of its petition for enforcement of a cease-and-desist order forbidding certain conduct of the Raytheon Company found to be in violation of § 8 (a)(1) of the National Labor Relations Act, 29 U. S. C. § 158 (a)(1).

After it lost a representation election conducted by the Board on February 4, 1965, the International Union of Electrical, Radio and Machine Workers, AFL–CIO, filed objections to the election and unfair labor practice charges, both based on pre-election misconduct of the company.   On October 19, 1965, an unfair labor practice complaint issued alleging violations of § 8 (a)(1).   The

proceedings on that charge were consolidated with the objections to the election case, and a hearing was held before a Trial Examiner. Thereafter, on October 5, 1966, the Board rendered its decision, ordering that a new election be held and that the company cease and desist certain anti-union activity.

On February 8, 1968, pursuant to § 10 (e) of the Act, 29 U. S. C. § 160 (e), the Board filed a petition in the Court of Appeals for the Ninth Circuit seeking enforcement of its unfair labor practice order. The company answered, urging that enforcement be denied on the merits and on the ground that the proceedings were moot because a second election had been held in the interim. After the case was briefed and argued on the merits, the company called to the attention of the court that yet a third election had been held and that this time the result (a majority vote for "no union") had been certified by the Board. The question whether this intervening election had mooted the case was briefed on all sides; and, on the authority of its earlier decision in *General Engineering, Inc.* v. *NLRB,* 311 F. 2d 570 (C. A. 9th Cir. 1962), the Court of Appeals dismissed the proceedings with a brief *per curiam.* 408 F. 2d 681 (C. A. 9th Cir. 1969). We granted certiorari, 396 U. S. 900 (1969), and we reverse.

As stated by the Court of Appeals, the ground upon which the petition was dismissed was "that since [it was] filed the Board has held a new representation election and certified the result." Thus, without more, the Court followed its decision in *General Engineering* that an intervening election "makes moot all portions of the order under review which relate to the representation case." 311 F. 2d, at 572. We cannot agree to the automatic effect accorded in *General Engineering* to a later valid election and rather find correct the decisions of the two circuits that have specifically refused to adopt the

reasoning of that case. *NLRB* v. *Metalab-Labcraft*, 367 F. 2d 471 (C. A. 4th Cir. 1966); *NLRB* v. *Marsh Supermarkets, Inc.*, 327 F. 2d 109 (C. A. 7th Cir. 1963); cf. *NLRB* v. *Clark Bros.*, 163 F. 2d 373 (C. A. 2d Cir. 1947).

In *NLRB* v. *Mexia Textile Mills*, 339 U. S. 563, 567–568 (1950), this Court held:

> "We think it plain from the cases that the employer's compliance with an order of the Board does not render the cause moot, depriving the Board of its opportunity to secure enforcement from an appropriate court. . . . A Board order imposes a continuing obligation; and the Board is entitled to have the resumption of the unfair practice barred by an enforcement decree. . . . The Act does not require the Board to play hide-and-seek with those guilty of unfair labor practices."

Properly viewed, this holding controls the present case. The later election and certification here are simply evidence that the company complied with the Board order during the pendency of the election. The Act, however, is not designed merely to protect a particular election or organizational campaign. It is designed to protect employees in the exercise of their organizational rights, and that protection cannot be affected merely because a particular labor organization has chosen an immediate election rerun rather than to await enforcement of the Board order.

Undoubtedly, as the Court recognized in *NLRB* v. *Jones & Laughlin Steel Corp.*, 331 U. S. 416, 428 (1947), there are situations where an enforcement proceeding will become moot because a party can establish that "there is no reasonable expectation that the wrong will be repeated." *United States* v. *W. T. Grant Co.*, 345 U. S. 629, 633 (1953). But this is not such a case.

28

Nothing in the record here shows that the specific acts complained of have not been repeated or gives any assurance that they will not be repeated in the future. Cf. *United States* v. *Concentrated Phosphate Export Assn.*, 393 U. S. 199, 203 (1968); *Wirtz* v. *Local 153, Glass Blowers Assn.*, 389 U. S. 463, 474–475 (1968).

The Board, established by Congress with primary responsibility for the protection of the public interest in this area, see *NLRB* v. *J. H. Rutter-Rex Mfg. Co.*, 396 U. S. 258 (1969), has determined that the company engaged in illegal activities and that a remedial order is called for. Under these circumstances, the employees cannot be denied the protection of the order (with the possible sanction of contempt proceedings for violations) in the absence of a decision on the merits. "[I]f the Board's order is justified, it is entitled to have it enforced as a means of insuring that in future elections the conduct may not be repeated." *NLRB* v. *Marsh Supermarkets, Inc., supra,* at 111.

In this Court, the company essentially admits that the judgment below cannot be "based on mootness in its classical sense" and instead attempts to support it on other grounds. Thus, the company says—and we agree—that it is the courts of appeals that are charged with the primary and usual responsibility for granting or denying enforcement of Board orders. *Universal Camera Corp.* v. *NLRB,* 340 U. S. 474 (1951). From this proposition and the fact that the Court of Appeals had before it the entire record in the case, the company urges that the decision below "should be construed as a determination, in the exercise of the discretion vested in the Court by Section 10 (e) of the Act, that on the basis of all of the circumstances, including the subsequent certification, enforcement was inappropriate."

We need not pause to consider whether such a determination would have been proper on the facts of this

case.  The simple answer is that the Court of Appeals did not pass upon the merits of the Board's petition for enforcement.  While the company is, of course, free to argue on remand either that there was no violation, or that if there was it was so marginal as not to justify judicial enforcement, or both, these questions are for the Court of Appeals in the first instance.  We will not pass on how that court might have regarded the case had it not erroneously concluded that the election and certification mooted the proceedings.

The judgment of the Court of Appeals dismissing the petition for enforcement is reversed and the case is remanded for consideration of the petition on its merits.

*It is so ordered.*