445 F.2d 272
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
RAYTHEON COMPANY, Respondent.
INTERNATIONAL UNION OF ELECTRICAL, RADIO AND MACHINE WORKERS, AFL-CIO, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent, and
Raytheon Company, Intervenor.
 No. 22572.
 No. 22572A.
 United States Court of Appeals, Ninth Circuit.
 June 23, 1971.
 
 John I. Taylor (argued), Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Washington, D.C., Roy O. Hoffman, Director, N. L. R. B., San Francisco, Cal., for N. L. R. B.
 Alfred C. Phillips, Lexington, Mass. (argued), for Raytheon Co.
 Melvin Warshaw, for Union of Elec. Radio & Machine Wkrs., Washington, D.C.
 Before CHAMBERS, KOELSCH and BROWNING, Circuit Judges.
 PER CURIAM:
 
 
 1
 These cases are here for decision on the merits pursuant to the Supreme Court's remand of No. 22,572, the main case, [N. L. R. B. v. Raytheon Co., 398 U.S. 25, 90 S.Ct. 1547, 26 L.Ed.2d 21 (1970)], which we had previously dismissed on the ground of mootness. (408 F.2d 681 (9th Cir. 1969)).
 
 
 2
 No. 22,572 is a petition by the Board to enforce its cease and desist order against Raytheon. In the proceeding which culminated in that order the Court concluded that Raytheon committed unfair labor practices in violation of Section 8(a) (1) of the National Labor Relations Act (29 U.S.C. § 158(a) (1)).[1]
 
 
 3
 No. 22,572A is a petition, companion to No. 22,572. By it the International Union, the charging party and intervenor in the Board proceeding against Raytheon, seeks to review the Board's order refusing to expand the formal complaint.
 
 
 4
 
 A. No. 22,572. The Board's Petition.
 
 
 
 5
 The Board rested its order on findings that Raytheon made certain statements and promises during a union organizational campaign which interfered with and coerced its employees in the free exercise of rights guaranteed them by Section 7 of the Act. (29 U.S.C. § 157).
 
 
 6
 Raytheon attacks these findings as wholly unsupported; it urges that there is no proof of any promise and that any and all of its remarks and statements came within the purview of Section 8(c), the "free speech" proviso to Section 8. Raytheon's first, but not its second, point is well taken.[2]
 
 
 7
 Section 8(c) permits employers to express to employees "any views, argument or opinion" concerning union representation without running afoul of Sec. 8(a) (1) if the expression "contains no threat of reprisal or force or promise of benefit." But an employer who during "a nascent organizational drive" [N. L. R. B. v. Gissel Packing Co., 395 U.S. 575, 616, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969)] chooses to express to his employees his views concerning unions generally, a particular union, or to indicate what the consequences of unionization may be, must exercise extreme care not only in what he says but also in gauging the import of what he says.
 
 
 8
 "Thus, an employer is free to communicate to employees any of his general views about unionization or any of his specific views about a particular union so long as the communications do not contain a `threat of reprisal or force or promise of benefit.' He may even make a prediction as to the precise effects he believes unionization will have on his company. In such a case, however, the prediction must be carefully phrased on the basis of objective fact to convey an employer's belief as to demonstrably probable consequences beyond his control or to convey a management decision already arrived at to close the plant in case of unionization (citation omitted). If there is any implication that an employer may or may not take action solely on his own initiative for reasons unrelated to economic necessities and known only to him, the statement is no longer a reasonable prediction based on available facts but a threat of retaliation based on misrepresentation and coercion, and as such without the protection of the First Amendment." N. L. R. B. v. Gissel, supra, at page 618, 89 S.Ct. at page 1942.
 
 
 9
 In the opinion of the trial examiner — adopted by the Board — Raytheon's statements exceeded the bounds of permissible predictions and were such as to convey to its employees a distinct impression that economic reprisal would follow in the wake of a union victory. We experience some difficulty with the examiner's appraisal of the quality and impact of Raytheon's statements, but recognizing as we must the Board's expertise and special competence in such matters, we cannot say that its conclusion was wrong.
 
 
 10
 
 B. No. 22,572A. The Union's Petition.
 
 
 
 11
 The sole issue tendered in this case is whether the Board erred in refusing to permit the Union to add, by way of amendment to the complaint, several charges in addition to those alleged by General Counsel. The answer is clearly "no"; the Board lacks authority to permit such amendments. Frito Co., Western Division, v. N. L. R. B., 330 F. 2d 458 (9th Cir. 1964).
 
 
 12
 In sum, both orders are affirmed; additionally, the one in No. 22,572 will be enforced.
 
 
 
 Notes:
 
 
 [1]
 The Board's Decision and Order appears in 160 N.L.R.B. 1603
 
 
 [2]
 The trial examiner found Raytheon made both threats and a promise of benefits; however, he concluded the benefit was too insubstantial to constitute the promise a violation; the Board disagreed and revised the order to include the promise as a further violation. However, in this respect the Board was manifestly in error. There is no evidence that Raytheon made the asserted promise; what the record shows is that Raytheon reminded the employees of its existing grievance procedure, not that it promised to inaugurate such a procedure