**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**INTERNATIONAL UNION OF ELEVA-TOR CONSTRUCTORS, LOCAL NO. 8, AFL–CIO, Respondent.**

No. 71–1768.

United States Court of Appeals, Ninth Circuit.

Aug. 21, 1972.

Eugene G. Goslee, Acting Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Roy O. Hoffman, Director, NLRB, Region 20, Stephen H. Naiman, Atty., Herman M. Levy, Atty., Washington, D. C., for petitioner.

Victor J. VanBourg, W. Reece Bader, of Orrick, Herrington, Rowley & Sutcliffe, San Francisco, Cal., for respondent.

Before HAMLIN, CARTER and CHOY, Circuit Judges.

PER CURIAM:

Pursuant to section 10(e) of the National Labor Relations Act, the National Labor Relations Board petitions for enforcement of its order against the International Union of Elevator Constructors, Local 8, AFL–CIO.

On July 10, 1968, representatives of the National Elevator Industry, Inc., an employers' association, commenced col-

lective bargaining with representatives of the respondent Union. At that time it was announced by one of the Union representatives, one Hector Rueda, that he had Union authority to execute a binding agreement on subjects covered in the negotiations without prior membership approval. At no time during the negotiations did Rueda indicate that subsequent membership ratification would be necessary. Evidently, a central issue of these negotiations was the adjustment of travel and expense zones, an issue that had traditionally been resolved without the necessity of membership ratification.

Negotiations proceeded with the employer representatives believing that a binding agreement would be forthcoming.

These negotiations continued until July 9, 1969, at which time an agreement as to all issues was reached by the negotiators. A written document embodying the terms of the agreement was prepared. On July 10, 1969, at another meeting of the negotiators, this written agreement was examined, minor word changes were made, and new pages typed covering these minor changes. Thereupon, the employers and one Union representative signed the agreement. Rueda then stated for the first time that the agreement was subject to Union ratification, and he wrote under his signature, "Subject to ratification by the IUEC Local 8 membership."

When they heard this, the employer representatives expressed their surprise and displeasure with this turn of events. Rueda, however, assured them that membership ratification would be a mere formality, and stated that "we'll get the agreement approved." However,

on August 18, 1969, Rueda wrote a letter to the employers' representative stating that the tentative agreement "signed by us" had been rejected by the Union.

During the proceedings before the Trial Examiner, the Union asserted that the prior membership ratification requirement had been adopted by a membership resolution. However, no copy of this resolution, or copy of the minutes showing such membership action, was ever produced. Furthermore, Rueda never appeared to testify in support of the Union's position.

Noting these credibility shortcomings in the Union position, the Trial Examiner concluded that a negotiated agreement had been reached and that neither prior negotiations, nor the Union constitution manifested any necessity for membership ratification. Accordingly, the Examiner, and the Board, concluded that the Union had violated section 8(b) (3) of the Act by failing to execute the collective bargaining agreement. *See* N.L.R.B. v. Ralph Printing & Litho. Co., 433 F.2d 1058 (8th Cir. 1970); Teamsters, Chauffeurs, Warehousemen & Helpers Local Union 524 v. Billington, 402 F.2d 510 (9th Cir. 1968). The Board's order required the Union to cease and desist from the unfair labor practices found, to bargain collectively by executing said agreement, and to post appropriate notices.

In response to petitioner's motion for summary enforcement, the Union did not dispute the validity of the Board's order.[1] Instead, the Union stated that the petition should have been dismissed as moot, inasmuch as it is now voluntarily complying with the Board's order. No brief was filed with this

---

1. There is adequate basis for the Board's order. While a union's membership may require membership ratification as a prerequisite to entering a binding agreement, Houchens Mkt. v. N.L.R.B., 375 F.2d 208, 212 (6th Cir. 1967), there is nothing in the record here which shows such a requirement was made.

When a union representative indicates that he has authority to enter into a binding agreement without membership ratification, and there is an established history of entering into bargaining agreements without such ratification, the Union cannot later contend that ratification is necessary. N.L.R.B. v. Brotherhood of Painters, Decorators, etc., 334 F.2d 729, 731 (7th Cir. 1964).

court on behalf of the Union, nor did Union counsel present oral argument on behalf of the Union. It would appear, therefore, that the Union adheres to its position that the petition for enforcement has been mooted by the Union's voluntary compliance.

However, compliance with a Board order does not necessarily render the case moot. N.L.R.B. v. Raytheon Co., 398 U.S. 25, 26–28, 90 S.Ct. 1547, 26 L.Ed.2d 21 (1970); N.L.R.B. v. Mexia Textile Mills, 339 U.S. 563, 567–568, 70 S.Ct. 826, 94 L.Ed. 1067 (1950). An enforcement action is mooted only when a party can establish that " 'there is no reasonable expectation that the wrong will be repeated.' " 398 U.S. at 27, 90 S.Ct. at 1549.

In the instant case, the records indicate that at least 13 months elapsed between issuance of the Board's order and the Union's voluntary compliance. Moreover, there is nothing in the record before this court which would insure that the Union will continue in its voluntary compliance. Accordingly, and since we find substantial evidence supporting the Board's conclusion, the petition is granted, and the Board's order will be enforced.