## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## UNOCO APPAREL, INC., Respondent.

### No. 74–2078.

United States Court of Appeals, Fifth Circuit.

March 5, 1975.

Before THORNBERRY, COLEMAN and ROSENN *, Circuit Judges.

THORNBERRY, Circuit Judge:

Unoco Apparel, Inc. manufactures jeans and dungarees at a plant in Selma, Alabama. On April 22, 1972, the National Labor Relations Board certified the International Ladies Garment Workers Union (ILGWU) as the exclusive bargaining representative for the employees at the Selma plant. The union then requested that the company begin collective bargaining negotiations, and an initial bargaining session took place on May 15, 1972. Seven bargaining sessions took place from May 15 until October 23, 1972. During these bargaining sessions, the union sought to negotiate a wage increase, and the company adamantly refused to alter their current pay scale. In fact, the company refused to consider any new proposals on wage increases, fringe benefits, or other employment matters.

At the third bargaining session on June 12, 1972 the union representative requested the company representative to

* Of the Third Circuit, sitting by designation.

furnish him with a copy of the company's profit and loss statement. The company representative deferred action on the request, but subsequently refused it. In the later bargaining sessions, the union renewed its demand for financial information, and the company remained adamant in its refusal to provide that information. On October 12, 1972, the union filed a complaint with the National Labor Relations Board charging the company with overall bad faith in bargaining, and bad faith in refusing to furnish the requested financial records in violation of § 8(a)(1), & (5) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1), & (5).

On February 13–14, 1973 an Administrative Law Judge held a hearing on the charges, and determined that the facts did not reveal bad faith bargaining on Unoco's part, but that the refusal to furnish financial data did violate § 8(a)(1), & (5) of the Act. He issued a cease and desist order requiring the company to furnish the union with financial information and other relevant material to support its claim of inability to afford any wage increases, and to post the appropriate notices. The NLRB affirmed the Administrative Law Judge's decision, one member dissenting in part.[1]

■ The NLRB now petitions this court to enforce its cease and desist order against Unoco. Unoco opposes enforcement, challenging the Administrative Law Judge's finding that the company had claimed inability to pay an increased wage. We find substantial evidence on the record as a whole to support the Board's conclusion, and grant the petition to enforce. 29 U.S.C. § 160(e).

■ Our function in this case is to determine whether there is "substantial evidence on the record as a whole" to support the Board's decision. Universal Camera Corp. v. NLRB, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951); 29 U.S.C.

§ 160(e). To discharge our duty in this case we must review all of the evidence, and not only that which supports the Board's decision. T.I.M.E.–DC, Inc. v. NLRB, 504 F.2d 294 (5th Cir. 1974); M.R. & R. Trucking Co. v. NLRB, 434 F.2d 689 (5th Cir. 1970). Here Unoco claims that it based its refusal to produce the financial records purely on insufficient operating experience. It is true that the employer offered this justification for its refusal on several occasions in the seven bargaining sessions. However, testimony credited by the Administrative Law Judge indicates that the bargaining representative stated at the June 12, 1972 session that "they wouldn't have any financial offer to give. They don't know what they can afford," and that "[t]he employees came to the wrong well . . . the well is dry." It was at this point that the union's bargaining representative requested that the company supply him with financial data. We agree with the Board that the Administrative Law Judge could properly have determined that this statement constituted a claim of financial inability to afford a wage increase. Therefore the company's financial condition was relevant to its claim of inability to pay. The company had an obligation to furnish the union with the requested financial data to allow the union to discharge its statutory bargaining responsibility. See NLRB v. Truitt Mfg. Co., 351 U.S. 149, 76 S.Ct. 753, 100 L.Ed. 1027 (1956); NLRB v. Palomar Corp., 465 F.2d 731 (5th Cir. 1972).

■ Unoco makes two further challenges to the Board's order in this proceeding. It first argues that the Board's order requires the company to produce financial data whenever the union requests it, and therefore is overbroad. Unoco misconstrues the Board's order. It specifies that the employer must furnish the requested financial data when it makes a claim of inability to afford any wage increase. Thus the order is specifi-

---

1. Member Penello felt the record demonstrated that Unoco had engaged in a deliberate course of surface bargaining in violation of § 8(a)(5). He dissented from the Board ma-

jority's refusal to find that Unoco's overall conduct constituted a refusal to bargain in good faith.

cally limited to that situation, and does not impose any perpetual obligation to furnish financial data. We also reject Unoco's argument that their tender of financial data on December 22, 1972 mooted the case. The order imposes a continuing obligation, and provides the Board with an effective enforcement procedure should the employer resume the unfair labor practice in the future.[2] *See* NLRB v. Raytheon Co., 398 U.S. 25, 90 S.Ct. 1547, 26 L.Ed.2d 21 (1970); NLRB v. Mexia Textile Mills, 339 U.S. 563, 70 S.Ct. 833, 94 L.Ed. 1067 (1950).

Enforced.

2. Thus it is unnecessary in this proceeding to evaluate the sufficiency of the financial data that Unoco furnished.