663 F.2d 130
 105 L.R.R.M. (BNA) 2939, 213 U.S.App.D.C. 366,
89 Lab.Cas. P 12,336
 Charles A. ARDIZZONI, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent, Chrysler Credit
Corp., Intervenor.
CHRYSLER CREDIT CORPORATION, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 Nos. 79-1510, 79-1835.
 United States Court of Appeals,
District of Columbia Circuit.
 Oct. 3, 1980.
 
 On Settlement of Judgment.
 Before TAMM, ROBINSON and WILKEY, Circuit Judges.
 ORDER
 For reasons stated in the accompanying opinion, the Clerk of the Court is hereby directed to enter the judgment proposed by the National Labor Relations Board, as modified by the Court.
 Opinion PER CURIAM.
 
 PER CURIAM:
 
 1
 These cases came before the court on petitions for review and a cross-application for enforcement of a National Labor Relations Board order. On June 21, 1980, we handed down a ruling affirming the Board's resolution of the controversy.[1] Pursuant to Rule 19 of the Federal Rules of Appellate Procedure, the Board submitted a recommended judgment shortly thereafter.[2] Petitioner Chrysler Credit Corporation subsequently filed objections and tendered its own draft of a judgment.[3] The faults found by Chrysler in the Board's proposal were two: (1) alleged inaccuracies in the first section, and (2) a superfluous concluding clause in the second paragraph.
 
 
 2
 Chrysler correctly points out that the Board's proposal may be read as erroneously indicating oral argument to the court on behalf of petitioner Ardizzoni, but this slight imperfection in the Board's submission is easily remedied. The deficiencies in the Chrysler proposal are fatal however.
 
 
 3
 Unlike the Board's submission, the judgment advocated by Chrysler is devoid of language pertaining to the entry of a decree enforcing the Board's disposition. Chrysler's proposal simply restates the court's initial order, mandating only "that the said Order of the Board be affirmed." The additional Board provision claimed by Chrysler to be unnecessary is as follows: "that the Petitioner, Chrysler Credit Corporation, Dedham, Massachusetts, its officers, agents, successors, and assigns, abide by and perform the directions of the Board contained in said order."[4] This clause is not simply excess baggage; words to this effect comprise an integral part of any judgment issued by a court of appeals with the intent of upholding and enforcing the Board's resolution of a labor controversy. Without such a direction the Board is incapable of effectuating its order, despite the affirmance of the court of appeals.
 
 
 4
 That we are required to enter an appropriate decree in cases such as this is clear. The National Labor Relations Board differs from the majority of administrative agencies in that it does not possess authority itself to exact obedience to its own orders. Instead, the applicable statute envisions a bifurcated system in which both the Board and the federal courts of appeals have important roles. The determination whether a formal enforcement decree is necessary is within the Board's discretion, but once it has reached this conclusion it must petition the appropriate court of appeals. The final authority with respect to implementation rests in the court. Thus, "(t)he order of the Board is subject to review by the designated court, and only when sustained by the court may the order be enforced."[5]
 
 
 5
 The relevant statutory provision is Section 10 of the National Labor Relations Act, which in pertinent part mandates:
 
 
 6
 (e) The Board shall have power to petition any court of appeals of the United States.... Upon the filing of such petition, the court ... shall have power ... to make and enter a decree enforcing, modifying, and enforcing as so modified ... the order of the Board.
 
 
 7
 (f) Any person aggrieved by a final order of the Board granting or denying in whole or in part the relief sought may obtain a review of such order in any United States court of appeals.... Upon the filing of such petition, the court shall proceed in the same manner as in the case of an application by the Board under subsection (e) of this section, and shall have the same jurisdiction to grant to the Board such temporary relief or restraining order as it deems just and proper, and in like manner to make and enter a decree, enforcing, modifying, and enforcing as so modified ... the order of the Board....[6]
 
 
 8
 The statute is clear: where the Board has properly executed its statutory function, the court of appeals is to issue a decree enforcing the Board's order. As the Supreme Court has emphasized,
 
 
 9
 Congress has placed the power to administer the National Labor Relations Act in the Labor Board, subject to the supervisory powers of the Courts of Appeals as the Act sets out. If the Board has acted within the compass of the power given it by Congress, has, on a charge of unfair labor practice, held a "hearing," which the statute requires comporting with the standards of fairness inherent in procedural due process, has made findings based upon substantial evidence and has ordered an appropriate remedy, a like obedience to the statutory law on the part of the Courts of Appeals requires the court to grant enforcement of the Board's order.[7]
 
 
 10
 The Court has expressed the rationale of this statutory scheme as follows:(The National Labor Relations) Act contemplates cooperation between the Board and the Court of Appeals both at the enforcement and the contempt stages in order to effectuate its purposes. It consigns certain statutory functions to each, and where the Board has acted properly within its designated sphere, the court is required to grant enforcement of the Board's order. The decree, like the order it enforces, is aimed at the prevention of unfair labor practices, an objective of the Act, and so long as compliance is not forthcoming that objective is frustrated.[8]
 
 
 11
 Entry of a decree is necessary to effectuate the purposes of the National Labor Relations Act. As the Supreme Court has further observed,
 
 
 12
 (u)ntil granted such enforcement, the Board is powerless to act upon the parties before it. And the proper working of the scheme fashioned by Congress to determine industrial controversies fairly and peaceably demands that the courts quite as much as the administrative body act as Congress has required.[9]
 
 
 13
 To deny enforcement after unanimous affirmance of the Board's decision is to fly in the face of both a specific congressional command and the clear directives of the Supreme Court. While it is not impossible to envision a situation in which the proper course of action would be for the court to affirm the order of the Board without granting enforcement, such occasions must perforce be rare; there is no reason to suppose that the cases now under consideration are of this type. Chrysler's characterization of the enforcement clause as unnecessary is in error. If our judgment simply affirms the Board decision, we will have done no more than was accomplished by the entry of our initial order upholding the Board. Not only will the Board be rendered powerless to insure that the parties comply with a decision bearing this court's imprimatur, but we will have effectively abdicated the obligations which Congress has statutorily assigned to us.
 
 
 14
 For the foregoing reasons, we will modify the judgment proposed by the National Labor Relations Board to correct the small defect hereinbefore mentioned, and enter that judgment as so modified.
 
 
 
 [1]
 The underlying dispute concerned the discharge of employees Francis L. Palladino and Charles A. Ardizzoni by Chrysler Credit Corporation. The Board found that Chrysler had violated Section 8(a)(1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1) (1976), by firing Palladino because of his participation in protected concerted activity. The Board refused to find that the release of Ardizzoni constituted a Section 8(a)(1) violation. Petitions for review were filed by both Ardizzoni and Chrysler. Chrysler was granted leave to intervene in No. 79-1510 on August 3, 1979, and the two proceedings were consolidated by the court per its order of October 3, 1979
 
 
 [2]
 Proposed Judgment of Petitioner National Labor Relations Board, Ardizzoni v. NLRB, Chrysler Credit Corp. v. NLRB, Nos. 79-1510 & 79-1835 (D.C.Cir. June 21, 1980)
 
 
 [3]
 Proposed Judgment of Petitioner Chrysler Credit Corp., Ardizzoni v. NLRB, Chrysler Credit Corp. v. NLRB, Nos. 79-1510 & 79-1835 (D.C.Cir. June 21, 1980)
 
 
 [4]
 It should be noted that the precise language used by the Board was specifically approved by the Supreme Court in Regal Knitwear Co. v. NLRB, 324 U.S. 9, 12-14, 65 S.Ct. 478, 480-481, 89 L.Ed. 661, 665-666 (1945)
 
 
 [5]
 Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 49, 58 S.Ct. 459, 462-463, 82 L.Ed. 638, 643 (1938). As the Supreme Court has explained,
 (n)o power to enforce an order is conferred upon the Board. To secure enforcement, the Board must apply to a Circuit Court of Appeals for its affirmance. And until the Board's order has been affirmed by the appropriate Circuit Court of Appeals, no penalty accrues for disobeying it. The independent right to apply to a Circuit Court of Appeals to have an order set aside is conferred upon any party aggrieved by the proceeding before the Board.
 Id. at 48-49, 58 S.Ct. at 462, 82 L.Ed. at 643.
 
 
 [6]
 29 U.S.C. § 160(e), (f) (1976) (emphasis supplied)
 
 
 [7]
 NLRB v. Bradford Dyeing Ass'n, 310 U.S. 318, 342, 60 S.Ct. 918, 930-931, 84 L.Ed. 1226, 1242 (1940)
 
 
 [8]
 NLRB v. Warren Co., 350 U.S. 107, 112, 76 S.Ct. 185, 188, 100 L.Ed. 96, 101 (1955) (footnotes omitted). See also NLRB v. Raytheon Co., 398 U.S. 25, 28-29, 90 S.Ct. 1547, 1549, 26 L.Ed.2d 21, 25 (1970); NLRB v. Mexia Textile Mills, 339 U.S. 563, 566-567, 70 S.Ct. 826, 828-829, 94 L.Ed. 1067, 1072 (1950)
 
 
 [9]
 NLRB v. Bradford Dyeing Ass'n, supra note 7, 310 U.S. at 342-343, 60 S.Ct. at 930-931, 84 L.Ed. at 1242