CHEF'S PANTRY, INC., Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 80–1200.

United States Court of Appeals, Sixth Circuit.

July 20, 1981.

M. J. Stauffer, Flynn, Py & Kruse, William Steuk, Sandusky, Ohio, for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Richard Zuckerman, Joseph Schwachter, Washington, D. C., Emil C. Farkas, Director, Region 9, N.L.R.B., Cincinnati, Ohio, for respondent.

Before LIVELY and JONES, Circuit Judges, and WISEMAN, District Judge.*

## ORDER

Chef's Pantry, Inc. seeks review and the National Labor Relations Board enforcement of its order finding violations of § 8(a)(1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1).

This case involves unfair labor practices found to have been committed by the company during the period between the filing of a representation election petition and the election on November 27, 1978, which the union lost. The administrative law judge found that the company had promised and granted benefits, had solicited and adjusted grievances, and had threatened its employees with the imposition of more onerous working conditions, for the purpose of discouraging support for the union during a union organizing campaign.

Before the enforcement proceedings came before this Court, a second election was held. At oral argument, counsel for the company contended that by withdrawing the first representation petition and conducting a valid intervening election, the National Labor Relations Board had waived the unfair labor practice charges stemming from the first election campaign. Counsel, however, cited no authority in support of this proposition. We hold that the withdrawal of the first petition did not constitute a waiver of the unfair labor practice charges. *Cf., NLRB v. Raytheon Co.,* 398 U.S. 25, 90 S.Ct. 1547, 26 L.Ed.2d 21 (1970) (where a National Labor Relations Board order sets aside a representation election because of an employer's unfair labor practices and proscribes such conduct in the future, judicial proceedings to enforce the order are not rendered moot by an intervening valid election).

Upon consideration of the briefs and oral arguments of counsel together with the record on appeal, we conclude that the Board's findings and order are supported by substantial evidence on the record as a whole.

Accordingly, enforcement of the order of the National Labor Relations Board is granted.

* Honorable Thomas A. Wiseman, Jr., United States District Judge, Middle District of Tennessee, sitting by designation.