**Victor J. CHMIELESKI, et al., Plaintiffs,**

**v.**

**CITY PRODUCTS CORPORATION,
et al., Defendants.**

**No. 19879–5.**

United States District Court,
W. D. Missouri, W. D.

Aug. 25, 1981.

John C. Monica, Shook, Hardy & Bacon, Kansas City, Mo., for plaintiffs.

J. J. Kelly, Jr., Spencer, Fane, Britt & Browne, Kansas City, Mo., for defendants.

## ORDER

SCOTT O. WRIGHT, District Judge.

The defendants in this class action suit have moved to dismiss the plaintiffs' individual claims for injunctive relief, to decertify two plaintiffs, Williams and Sites, as injunctive class representatives and to permit substitute named representatives to intervene in the place of Williams and Sites. The plaintiffs strongly oppose each of the motions. For the reasons set forth below, the Court denies each of the defendants' motions.

I. Individual Claims for Injunctive Relief

In 1972, when this suit was authorized to proceed as a class action, each of the named plaintiffs, except the Chmieleskis, were owners of Ben Franklin Variety Store franchises. At that time, the Court found that the class representatives were able to fairly and adequately protect the interests of a class which consisted of all persons who own or have owned no more than four Ben Franklin franchises. In their prayer for relief from the defendants' alleged violations of the Sherman, Clayton and Robinson-Patman Acts, the plaintiffs request that the defendants be enjoined from engaging in any further activities which are illegal under the recited Acts.

The defendants have now moved to dismiss all of the plaintiffs' individual claims for injunctive relief. As their ground for dismissal, the defendants assert that the individual claims for injunctive relief are moot because the named plaintiffs neither own a Ben Franklin franchise nor intend to become Ben Franklin franchise owners in the future.

The defendants support their assertion that the individual claims for injunctive relief are moot with deposition testimony and an affidavit. With respect to Margaret and Edward Gabel, the defendants state, in their brief in support of the motions to dismiss, that since the couple sold their store and moved to a warmer climate, they no longer intend to become franchise owners in the future. In addition, the defendants state that Edward Gabel has died since his move to a warmer climate. As evidence of plaintiff Enmeier's intent not to become a franchise owner in the future, the defendants refer to Mr. Enmeier's deposition testimony in which he stated that his doctor has advised him to "slow down" and that he told some unknown person that he wanted to sell his Augusta Variety Store franchise. The defendants also note that plaintiff Fred Sites has recently died. The defendants next state that plaintiff Charles Cruse willingly sold his franchise because he "got fair value for it at the time of sale." Though defendants indicate that the actions of plaintiff Synnes cut against their business interests, they cancelled their franchise agreement with him and permitted him to sell his store as a non-Ben Franklin store. From the deposition testimony of Robert and Helen Williams that they are presently engaged in other enterprises, the defendants inferentially concluded that the Williamses have no future intent to reacquire a Ben Franklin franchise. Finally, defendants offer the affidavit of their employee, Mitchell Jablonski, in support of their contention that Valeria Sites has no future intention to acquire a Ben Franklin franchise. In its affidavit, Mr. Jablonski states that Mrs. Sites has not "expressed any intention in becoming a Ben Franklin franchisee."

In response to the defendants' interpretation of the deposition testimony and the Jablonski affidavit, the plaintiffs argue that the deposition testimony cited by the defendants is taken out of context. The plaintiffs assert that their respective statements are responses to inquiries about their experience and background, rather than responses to inquiries about their reasons for terminating their Ben Franklin franchises. In support of their contention, plaintiffs' counsel particularly refer to the deposition testimony of Robert Williams and argue that his statements are only indicative of a lack of "present" intent to acquire a Ben Franklin franchise. With respect to the Jablonski affidavit, the plaintiffs assert that Mrs. Sites has no obligation to go forward and affirmatively announce her intentions with respect to her future interest in acquiring a Ben Franklin franchise. Finally, the plaintiffs state that the major factor in their respective decisions to terminate their Ben Franklin franchises was the allegedly illegal conduct of the defendants.

Before this Court can dismiss the plaintiffs' individual claims for injunctive relief on the ground of mootness, the defendants must demonstrate that there is "no reasonable expectation" that their purported illegal activity will be repeated. *United States v. W. T. Grant Co.*, 345 U.S. 629, 633, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953). The burden is a heavy one. *Id.; Accord, United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203, 89 S.Ct. 361, 364, 21 L.Ed.2d 344 (1968). While this Court is granted broad discretion in determining whether the plaintiffs' individual claims for injunctive relief are moot, *W. T. Grant, supra*, 345 U.S. at 633 and 73 S.Ct. at 898, the Court finds, after a review of applicable Supreme Court authority, that defendants' assertions in support of their motion fail to surmount that heavy burden of persuasion. The defendants have not adequately demonstrated that the members of this class action suit do not intend to reacquire Ben Franklin franchises if the defendants are ultimately found liable or that there is "no reasonable expectation" that the purported violations will not be repeated.

Since the defendants have claimed that their challenged actions are perfectly proper and salutary, this Court must conclude that the challenged actions cannot reasonably be expected to cease. *See, United States v. Trans-Missouri Freight Ass'n*, 166 U.S. 290, 308, 17 S.Ct. 540, 546, 41 L.Ed. 1007 (1897); *Walling v. Helmerich & Payne*, 323 U.S. 37, 43, 65 S.Ct. 11, 14, 89 L.Ed. 29 (1944); *N. L. R. B. v. Raytheon Co.*, 398 U.S. 25, 28, 90 S.Ct. 1547, 1549, 26 L.Ed.2d 21 (1970). The deposition testimony and the Jablonski affidavit cited by the defendants do not support their contention that the named plaintiffs have no future intention to reacquire a Ben Franklin franchise. The deposition testimony cited by the defendants neither encompasses all of the named plaintiffs nor those unnamed members of the class who presently own no more than four Ben Franklin franchises. In addition, that testimony which is cited by the defendants does not persuasively demonstrate that Mrs. Gabel, Mr. Enmeier, Mr. Cruse, Mr. Synnes and Mr. Williams have no intention, respectively, to reacquire Ben Franklin franchises. None of these named plaintiffs have clearly declared that they or their agents will not attempt to reacquire a Ben Franklin franchise at the conclusion of this litigation.

The defendants have improperly concluded that because the named plaintiffs have terminated their Ben Franklin franchises and directed their efforts to the judicial battle, they have abandoned their intention to ever reacquire a Ben Franklin franchise. *See, Allee v. Medrano*, 416 U.S. 802, 810, 94 S.Ct. 2191, 2198, 40 L.Ed.2d 566 (1974). The testimony and affidavit do not support such a conclusion. Consequently, the defendants have failed to carry their burden of persuasion with respect to their motion to dismiss. The defendants' motion to dismiss the plaintiffs' individual claims for injunctive relief should be denied.

II. Decertification of Williams and Sites

Since the Court has determined that the individual claims for injunctive relief with respect to plaintiffs Sites and Williams are not moot, the defendants' motion to decerti-

fy and to permit substitute intervention is, itself, moot. Therefore, the defendants' motion to decertify should be denied.

In accordance with the above findings, it is hereby

ORDERED that the defendants' motions to dismiss the plaintiffs' individual claims for injunctive relief and to decertify plaintiffs Sites and Williams are denied.