876 F.2d 50
 131 L.R.R.M. (BNA) 2497
 The UNITED STATES DEPARTMENT OF AGRICULTURE and the Farmers
Home Administration Finance Office, St. Louis,
Missouri, Petitioners,
v.
FEDERAL LABOR RELATIONS AUTHORITY, Respondent.
The UNITED STATES DEPARTMENT OF DEFENSE and Defense Mapping
Agency Aerospace Center, St. Louis, Missouri, Petitioners,
v.
FEDERAL LABOR RELATIONS AUTHORITY, Respondent.
National Federation of Federal Employees, Intervenor.
 Nos. 86-2579, 87-1024.
 United States Court of Appeals,
Eighth Circuit.
 May 22, 1989.
 
 Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.
 ORDER
 HENLEY, Senior Circuit Judge.
 
 
 1
 The Supreme Court has vacated our prior judgment in these cases and has remanded for further consideration in light of regulations promulgated by the United States Department of Agriculture and the United States Defense Mapping Agency. Our initial opinion sets forth the relevant facts and legal issues, which need not be repeated here. Dep't of Agric. v. FLRA, 836 F.2d 1139 (8th Cir.1988), vacated, --- U.S. ----, 109 S.Ct. 831, 102 L.Ed.2d 964 (1989). There, we affirmed the FLRA's decisions insofar as they required the petitioners herein to disclose to the unions the names and home addresses of federal employees, but we held that individual employees would be permitted to prevent disclosure if they so desired.
 
 
 2
 The FLRA sought a writ of certiorari in the Supreme Court. Subsequent to our decision, the petitioners herein promulgated regulations requiring disclosure of the names and home addresses of their employees to the unions, without the exception provided in our opinion. See 53 Fed.Reg. 39,629 (1988) (Department of Agriculture); 53 Fed.Reg. 44,513 (1988) (Defense Mapping Agency). After remand by the Supreme Court, we asked the parties to submit statements as to whether the issues raised in the original petitions to this court are now moot. After considering those statements, we hold that the cases are moot.
 
 
 3
 In the Supplementary Information sections of the notices published by the respondents in the Federal Register, the following language appears:
 
 
 4
 In a number of judicial proceedings,[1] it has been held that bargaining unit representatives' access to the names and addresses of bargaining unit employees was necessary to union representation of those employees, and that agencies must disclose such information, upon request, pursuant to 5 U.S.C. 7114(b)(4) [and the Freedom of Information Act, 5 U.S.C. 552].
 
 
 5
 53 Fed.Reg. at 39,629; 53 Fed.Reg. at 44,514.[2] The notices then set forth amendments to the respondents' regulations requiring the disclosure of employees' names and addresses to federal labor organizations.
 
 
 6
 Voluntary compliance by a party does not normally render an action moot. NLRB v. Raytheon Co., 398 U.S. 25, 27, 90 S.Ct. 1547, 1549, 26 L.Ed.2d 21 (1970) (citing United States v. W.T. Grant Co., 345 U.S. 629, 633, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953)); FLRA v. United States Dept. of the Air Force, 735 F.2d 1513, 1515-16 (D.C.Cir.1984). However, an action will become moot if the wrong at issue cannot reasonably be expected to recur. Raytheon, 398 U.S. at 27, 90 S.Ct. at 1549; Dept. of the Air Force, 735 F.2d at 1516 n. 7; see also NLRB v. Douglas & Lomason Co., 443 F.2d 291, 294 (8th Cir.1971). The Supreme Court has held that a defendant has a "heavy burden" of showing that the wrong will not be repeated. W.T. Grant Co., 345 U.S. at 633, 73 S.Ct. at 897. Here, we are convinced that that burden has been met. The respondents appear satisfied that the legality of full disclosure has been established and by all indications are willing to comply. See W.T. Grant Co., 345 U.S. at 634, 73 S.Ct. at 898; County of Los Angeles v. Davis, 440 U.S. 625, 631-32, 99 S.Ct. 1379, 1383-84, 59 L.Ed.2d 642 (1979). The record does not disclose a hostile or defiant attitude toward disclosure, see Dyer v. Securities & Exchange Commission, 291 F.2d 774, 780 (8th Cir.1961), nor indeed do any of the parties appear to be asserting here and now any particular privacy interest on behalf of individual employees.
 
 
 7
 The USDA and Defense Mapping Agencies did not seek review of the portion of this court's opinion generally requiring disclosure, and informed the Supreme Court that they would not object to full enforcement of the FLRA's orders. In addition, they expressed their agreement with the FLRA's position that this court's ruling that individuals may bar disclosure of their own names and addresses should not stand. Thus, they seem genuinely willing to comply with the Authority's orders. It would appear extremely unlikely that petitioners would, as the FLRA suggests, rescind their regulations in order to defeat future disclosure. Were they to do so, they could be subject to contempt proceedings in other circuits that have enforced the FLRA's orders, and it is highly doubtful that the petitioners would attempt to institute a policy in the Eighth Circuit of nondisclosure while practicing full disclosure in other circuits. To do so would no doubt subject them to further litigation on an issue they have recently had an opportunity to resolve in the Supreme Court, an opportunity they have declined to take.
 
 
 8
 In conclusion, this case does not present the dangers against which the general rule against holding a case moot on account of voluntary compliance is designed to protect. It is extremely unlikely that petitioners would "return to [their] old ways." W.T. Grant Co., 345 U.S. at 632, 73 S.Ct. at 897. Nor are they attempting "to evade sanction by predictable protestations of repentance and reform." Gwaltney of Smithfield v. Chesapeake Bay Found., 484 U.S. 49, 108 S.Ct. 376, 386, 98 L.Ed.2d 306 (1987) (internal quotation and citation omitted). We add only that since we have concluded these cases are moot, we, of course, express no opinion on the merits.
 
 
 9
 As indicated, the petitions for review of the FLRA's decisions and the FLRA's cross-petitions for enforcement should be, and they are, dismissed as moot.
 
 
 10
 LAY, Chief Judge, dissenting.
 
 
 11
 I respectfully dissent. The case is not moot through voluntary compliance. The FLRA's decision should be fully enforced with no exception.
 
 
 
 [1]
 See United States Dep't of Navy v. FLRA, 840 F.2d 1131 (3d Cir.1988); United States Dep't of the Air Force v. FLRA, 838 F.2d 229 (7th Cir.1988); United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus., Local 598 v. Dep't of the Army, Corps of Eng'rs, 841 F.2d 1459 (9th Cir.1988); United States Dep't of Health & Human Servs. v. FLRA, 833 F.2d 1129 (4th Cir.1987); AFGE, Local 1760 v. FLRA, 786 F.2d 554 (2d Cir.1986)
 
 
 [2]
 The USDA's notice reads as quoted. The Defense Mapping Agency's notice omits the bracketed citation