[NOT FOR PUBLICATION — NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 99-1293

FEDERAL LABOR RELATIONS AUTHORITY,

Petitioner,

v.

PUERTO RICO NATIONAL GUARD, ETC.,

Respondent.

---

PETITION FOR ENFORCEMENT OF A FINAL ORDER
OF THE FEDERAL LABOR RELATIONS AUTHORITY

---

Before

Selya, Circuit Judge,

Coffin, Senior Circuit Judge,

and Boudin, Circuit Judge.

---

James F. Blandford, Attorney, with whom David M. Smith, Solicitor, and William R. Tobey, Deputy Solicitor, were on brief, for petitioner.
Howard S. Scher, Attorney, Appellate Staff, Civil Division, United States Department of Justice, with whom David W. Ogden, Acting Assistant Attorney General, Civil Division, and William Kanter, Attorney, Appellate Staff, were on brief, for respondent.

May 25, 2000

**Per Curiam.** This proceeding began when the American Federation of Government Employees, Local 3936 (the union) filed an unfair labor practice charge against the respondent under 5 U.S.C. § 7116(a)(1), (5). In substance, the union accused the respondent of reneging on a memorandum of understanding that contemplated the inauguration of a flex-time work schedule, at least for a six-month trial period. An administrative law judge (ALJ) determined that the respondent had repudiated the agreement without cause and had thereby violated the statute. The respondent took no exceptions to this determination. Consequently, the Federal Labor Relations Authority (the Authority), acting pursuant to 5 C.F.R. § 2423.41(a), accepted the ALJ's recommendation and issued a final decision and order on May 15, 1998.

Several months went by, during which the respondent ignored the remedial order. When pressed, it claimed that changed circumstances rendered compliance impossible (or, at least, impracticable). Unmoved, the Authority repaired to this court, seeking enforcement of the order. On the eve of oral argument, however, the respondent began filing a series of motions indicating that circumstances again had changed (this time for the better), and that it was now willing and able to comply with the Authority's remedial order. The respondent

-3-

suggested, on the basis of this assurance, that we dismiss the petition as moot. The Authority objected.

We heard oral argument on May 8, 2000. The respondent urged us to decline enforcement as unnecessary and to dismiss the petition as moot. The Authority, citing the long delay and the tortuous history of the proposed flex-time experiment, implored us to enforce the order.

We grant the petition for enforcement. In doing so, we take no view of the merits of the respondent's impossibility defense. Assuming, arguendo, as the respondent has asserted, that altered circumstances rendered implementation of the remedial order impossible for some period of time, the respondent nonetheless concedes that the circumstances have changed again and that no impediment now exists to compliance with the terms of the remedial order. That being so, we believe that the Authority is entitled to an enforcement decree. Cf. NLRB v. Raytheon Co., 398 U.S. 25, 27 (1970); NLRB v. Pearl Bookbinding Co., 517 F.2d 1108, 1114 (1st Cir. 1975). Although we do not doubt that courts have a modicum of discretion to withhold enforcement of orders like the order sub judice in the interests, say, of permitting voluntary compliance, we see no reason to invoke that seldom-used discretion here. The Authority has satisfied all of the prerequisites for judicial

enforcement, and the entry of an enforcement decree will not unfairly prejudice the respondent. Rather, judicial enforcement will serve as an effective reminder to the respondent of its continuing obligation fully and seasonably to effectuate the terms of the Authority's remedial order.

**The application for enforcement is GRANTED and the Authority's order is ENFORCED.**