MEMORANDUM *
We have jurisdiction to hear the Board’s petition for enforcement. 29 U.S.C. § 160(e). Venue is proper in this court. Id. The case is not moot, because Can-Am has not complied with the Board’s order requiring Can-Am to post a specified form of notice. Accordingly, the Board may bring this action to enforce its order. NLRB v. International Union of Elevator Constructors, Local No. 8, 465 F.2d 974, 976 (9th Cir.1972).
In its exceptions to the Administrative Law Judge’s decision, Can-Am failed *356 to assert that the inclusion of Davis-Bacon Act funds in the job-targeting program undermined the program’s protected status under the National Labor Relations Act. Nor did Can-Am move for reconsideration after the Board raised this issue in its initial order. Therefore, the Board’s holding that it could not address this issue because it was not exhausted, pursuant to 29 C.F.R. § 102.46(g), was not arbitrary and capricious. See NLRB v. Southwest Security Equip. Corp., 736 F.2d 1332, 1335 (9th Cir.1984).
Can-Am also challenges the Board’s supplemental decision on the ground that it fails to implement the D.C. Circuit’s mandate. Given Can-Am’s failure to appeal the supplemental decision to the D.C. Circuit or to us, we doubt it is prudent for us to consider these arguments. See Service Employees International Union, Local 250 v. NLRB, 640 F.2d 1042, 1046 (9th Cir.1981). But even if we did, Can-Am’s arguments are merit-less. Because the D.C. Circuit did not address whether the Davis-Bacon Act issue was exhausted, the law of the case did not preclude the Board from considering exhaustion in the first instance. Moreover, the Board’s supplemental decision was not inconsistent with the D.C. Circuit’s mandate. See United States v. Kellington, 217 F.3d 1084, 1092-93 (9th Cir.2000).
We conclude that the Board is entitled to enforcement of its supplemental decision.
PETITION GRANTED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.